MARQUIS D. TODD, FREDERICK M. HINDS, ROBERT M. SHUMWAY AND CHAUNCEY BREED v. SCHOOL DISTRICT No. 1 OF THE TOWNSHIP OF GREENWOOD.

*Contracts—Sureties released by assignment or extension.*

A school district contracting for the building of a school house within a stated time, is bound to furnish a suitable site therefor within such reasonable time that the contractors shall not be delayed on their part.

Sureties upon a bond for the performance of a contract are released by an assignment of the contract and the grant of an extension of time to the contractors.

Error to Clare. Submitted Jan. 16. Decided Jan. 28.

ASSUMPSIT on a bond. This action was brought by the school district upon the bond of certain contractors and their sureties. Defendants bring error.

*John A. Edget* and *Benton Hanchett* for plaintiffs in

error. To maintain an action on a contractor's bond, the plaintiff must show that on instituting suit he had performed all the conditions which in the nature of the contract necessarily precede performance on the part of the contractors, *Mill Dam Foundry v. Hovey*, 21 Pick., 439; *Allamon v. Mayor of Albany*, 43 Barb., 33; *Holme v. Guppy*, 3 M. & W., 387; *Water Commissioners v. Burr*, 56 N. Y., 665; *Grant v. Johnson*, 5 N. Y., 247: *Nelson v. Plimpton Fire Protection Co.*, 55 N. Y., 484; *Armitage v. Insole*, 19 Q. B., 202: 68 E. C. L.; *Rae v. Hackett*, 12 M. & W., 724; *Knight v. New England Worsted Co.*, 2 Cush., 286; *Coombe v. Green*, 11 M. & W., 480; *Kellogg v. Nelson*, 5 Wis., 129; *Jenness v. Shaw*, 35 Mich., 20; *Cadwell v. Randall*, 36 Mich., 251; sureties on a contractor's bond do not assume any liability beyond the time fixed by the contract for performance, *Kugler v. Wiseman*, 20 Ohio, 379; *Hassell v. Long*, 2 M. & S., 363; *The Warden etc. v. Bostock*, 5 B. & P., 175; *Rany v. Governor*, 4 Blackf., 2; *Kingston Mut. Ins. Co. v. Clark*, 33 Barb., 196; *Detroit v. Weber*, 29 Mich., 24; sureties are discharged by a payment of the contract price in advance (*Gen. Steam Nav. Co. v. Rolt*, 6 J. Scott (N. S.), 560; *Taylor v. Jeter*, 23 Mo., 244; *Calvert v. London Dock Co.*, 2 Keen, 638; *Bragg v. Shain*, 49 Cal., 131) and by an extension of time to their principals without their consent, *Bank of Albion v. Burns*, 46 N. Y., 170; *St. Albans Bank v. Dillon*, 30 Vt., 122; *Miller v. Stewart*, 9 Wheat., 680; *Haden v. Brown*, 18 Ala., 641. The measure of damages for failure to perform a building contract is the difference between the contract price and the cost of having the work done at the time and place agreed on, *Dana v. Fiedler*, 12 N. Y., 48; *Collins v. Baumgartner*, 52 Penn. St., 461; *Stevens v. Lyford*, 7 N. H., 360; *Sleuter v. Waltbaum*, 45 Ill., 43.

*Wisner & Draper* for defendant in error.

MARSTON, J. There is at least one fatal error in this case. The school district entered into a contract with

Shumway and Breed under which they were to build a schoolhouse and complete the job by the 10th day of October, 1874. The site was not designated nor referred to in the contract, nor was any site fixed upon by the district until about the time when the building should have been completed, and the site so chosen was not then cleared nor for some time afterwards. The duty of the district was clear under this agreement to furnish a suitable site, and this within a reasonable time from the date of the agreement, so that the contractors might not be delayed in the performance of the agreement on their part.

In August, 1874, Shumway and Breed assigned the contract to one Goodale, and it appears that the school district recognized the validity of the assignment, and treated with Goodale thereafter, and agreed with him to extend the time for the completion of the contract. This assignment and extension of time released the sureties Todd and Hinds from all liability upon their bond given for the faithful performance of the contract by the original contractors. Their agreement was a personal one that Shumway and Breed would perform the contract, and not that some other person, to whom they might assign their contract, with the consent of the district, would perform, or that they would be responsible for the default of such third person.

If this district had not been in default in not procuring and clearing a site, and had they not recognized the validity of the assignment to Goodale, or had the sureties consented to such assignment, it might be otherwise.

The judgment must be reversed with costs.

The other Justices concurred.