61  423
110  560

THE WHITE SEWING MACHINE COMPANY v. ANDREW L. HINES, OLIVER S. FOLLETT, AND LEWIS GARDNER.

*Suretyship—Liability of sureties limited to the transactions and defaults of their principal—Not liable for default of principal and copartner who succeed to his business—And with whom the obligee thereafter deals as a firm.*

Defendants Follett and Gardner became sureties for their co-defendant for the payment by him to plaintiff of any and every liability or indebtedness then or thereafter existing on *his* part to plaintiff, he having agreed to act as agent for plaintiff in the sale of sewing-machines. Plaintiff thereafter sold Hines machines on credit, taking his notes therefor, which were all duly paid. Afterwards an arrangement was made whereby Hines and one Green associated themselves together as agents for plaintiff, and thereafter plaintiff dealt with said Hines & Green, who became indebted to plaintiff, and this suit was brought on said bond to recover for *such* default.

   *Held,* that the liability of the *sureties* was limited to the transactions and default of Hines *alone,* they having made no contract to become liable for the defalcations of the *firm* of Hines & Green, and that the court cannot create such liability for them.

Case made from Eaton. (Hooker, J.) Argued May 7, 1886. Decided May 12, 1886.

Action on bond. Defendants bring error. Reversed. The facts are stated in the opinion and summarized in headnote.

*Frank A. Dean,* for appellants :

The liability of a surety cannot be extended beyond the terms of his contract : Brandt on Suretyship, § 338 ; 2 Kent's Com. 124 ; *Leeds v. Dunn,* 10 N. Y. 469 ; *Dobbin v. Bradley,* 17 Wend. 422.

While willing to obligate themselves for Hines, having confidence in his integrity and business capacity, it by no means follows that the sureties would have incurred a like responsibility for one whom Hines might take into copartnership with him : *Parham Sewing M. Co. v. Brock,* 113

Mass. 194; *Boston Hat Manufactory v. Messinger*, 2 Pick. 223.

On the formation of the copartnership plaintiff gave credit to the firm, recognizing it as its debtor, and the liability of the sureties ceased: Brandt on Suretyship, § 100, p. 141; *Palmer v. Bagg*, 56 N. Y. 523; *Bellairs v. Ebsworth*, 3 Camp. 53; *Dry v. Davy*, 10 Ad. and El. 30; *Equitable Life Assurance Soc. v. Coats*, 44 Mich. 261.

### *Manly C. Dodge*, for plaintiff:

The bond, as given, was not only an existing but a *continuing* security, and covered all indebtedness or liability which might in any manner exist against Hines to the plaintiff. For cases illustrating continuing securities, see Brandt on Suretyship and Guaranty, 183-4-5-6; *Farmers', etc., Bank v. Kercheval*, 2 Mich. 505; *Crittenden v. Fiske*, 46 Id. 70.

The condition of the bond gave plaintiff the right to agree with the agents or partners of Hines and still hold him on his bond: *Burgan v. Lyell*, 2 Mich. 102; *Moran v. Palmer*, 13 Id. 367.

SHERWOOD, J. This action is debt, on a bond, in which Hines is the principal and the other defendants are sureties, brought by the plaintiff to recover of the defendants the sum of $500, the breach alleged being the failure of Hines to account for or deliver to the plaintiff said moneys according to the condition of the bond.

The suit was commenced in the circuit court for the county of Eaton by the filing of declaration.

Plea, general issue, with notice that defendants would show if ever any such liability existed against them it had been fully discharged. The cause was tried before Judge Hooker, without a jury. The court made a finding of the facts and of the law, and thereon rendered a judgment for the plaintiff for $500. We now have the record before us upon a case made after the judgment, for review.

The court found the following facts:

"1. The White Sewing Machine Company made an arrangement with defendant Hines to act as their agent in the sale of sewing-machines, on March 16, 1881.

"2. At the same time they took from him his bond, with the other defendants as sureties, in penal sum of five hundred dollars, with ten per cent. thereon in case of suit, conditioned that said Hines should pay any and every indebtedness or liability then existing, or which might thereafter exist or be incurred on the part of said Hines, to said company or its assigns, whether it should exist in the shape of book-accounts, notes, or leases, renewals or extensions of notes, accounts, or leases, acceptances, indorsements, consignments of property or merchandise, failure to deliver or account for the same, or any part thereof, or otherwise, and whether such indebtedness shall be incurred under any contract between said White Sewing Machine Company and said Hines, or otherwise, and whether the same shall arise out of the purchase and sale of sewing-machines, or otherwise. The bond further provided that it was made, and should be construed, without reference to any other instrument or agreement whatever; a copy of which, marked 'A,' is hereto attached.

"3. Plaintiff thereafter sold said Hines large numbers of sewing-machines upon credit, amounting to several thousand dollars, taking his notes therefor, all of which were duly paid.

"4. In July, 1884, said Hines, and one Green, and plaintiff's general agent, had a meeting, when it was agreed that defendant Hines and Green should associate in the business of selling sewing-machines, plaintiff's general agent agreeing to furnish them thereafter at a lower price in certain quantities named.

"5. From that time the company's dealings were with Hines & Green.

"6. The sureties upon the bond were ignorant of these transactions.

"7. Said outstanding notes amount, with interest to the eighteenth day of January, 1886, to the sum of $610.34, which amount at said date was due and owing to plaintiff by said Hines & Green.

"8. Said sum was due and unpaid when this action was commenced."

The following finding of law raises the only question necessary to consider, viz.:

"The indebtedness of Hines & Green is a liability of Hines, within the meaning of the bond, and is covered by it; and the plaintiff should have judgment for the sum of $500, and costs."

This finding was duly excepted to by defendants' counsel, and is assigned as error.

We think the exception is well taken.

The liability of the sureties was limited to the transactions and default of Hines alone, and the court should have so held.

They had made no contract to become liable for the defalcations, omissions, or neglect of the firm of Hines & Green, and the court is not allowed to create such liability for them : Brandt, Sur. § 338 ; 2 Kent, Comm. 124 ; *Dobbin v. Bradley*, 17 Wend. 422 ; *Leeds v. Dunn*, 10 N. Y. 469 ; *Equitable Life Assur. Soc. v. Coats*, 44 Mich. 261 ; *Peck v. Miller*, 39 Mich. 595 ; *Johnston v. Township of Kimball*, Id. 187 ; *Todd v. School Dist.*, 40 Mich. 294 ; *Detroit Sav. Bank v. Ziegler*, 49 Mich. 157 ; *Parham Sewing Mach. Co. v. Brock*, 113 Mass. 194 ; *Boston Hat Manufactory v. Messinger*, 2 Pick. 223 ; *Palmer v. Bagg*, 56 N. Y. 523 ; *Bellairs v. Ebsworth*, 3 Camp. 53.

The judgment must be reversed, with costs, and a judgment entered for the defendants.

CAMPBELL, C. J., and MORSE, J., concurred. CHAMPLIN, J., did not sit.