**MEANS et al. v. FLOYD WEST & CO.**

No. 3059.

Court of Civil Appeals of Texas. El Paso.
July 26, 1934.

Rehearing Denied Sept. 21, 1934.

G. W. Dunaway, of Midland, for appellants.

E. G. Senter, of Dallas, for appellee.

PELPHREY, Chief Justice.

In the early part of 1930, J. F. Clarke and J. A. Cravens were engaged in the real estate and insurance business at Andrews, in Andrews county, Tex., under the firm name of Cravens & Clarke, and had a contract to write insurance for appellee. In connection with such contract they executed a bond in the sum of $2,000 with C. E. Ogden and O. O. Ogden as sureties. Among others the bond contained a condition that the firm of Cravens & Clarke would faithfully and punctually pay over to appellee all sums due or to become due relating to or arising out of the agency.

Thereafter J. F. Clarke executed a similar bond to appellee dated December 10, 1930, with appellants as sureties.

The firm of Cravens & Clarke was dissolved at some time between December 10, 1930, and January 10, 1931.

This suit was instituted on the latter bond seeking to recover the sum of $378.83 from Clarke and the appellants here as sureties on said bond. Appellants answered by a plea to the jurisdiction, a general demurrer, special exception, and a general denial.

The cause was submitted to a jury upon the following issues:

"Special Issue No. 1: What sum of money if any do you find from the preponderance of the evidence the defendant Clarke owes the plaintiff Floyd West & Co., on the contract in question? Answer in dollars and cents. Answer: $288.99.

"Special Issue No. 2: If you have answered the foregoing special issue to the effect that defendant Clarke owes something, then you will answer this issue.

"What part of said sum of money accrued on and after the 10th day of December, 1930, from a preponderance of the evidence? Answer: $288.99.

"Special Issue No. 3: From a preponderance of the evidence, upon what date, if any, do you find the defendant Clarke and Cravens dissolved their partnership in the agency in question? Answer: Jan. 9, 1931.

"Special Issue No. 4: What part of the sum of money which you have found, if any, in answer to question No. 2 do you find from a preponderance of the evidence accrued on

and after January 9, 1931? Answer in dollars and cents. Answer: None.

"Question No. ——: What do you find from a preponderance of the evidence is a reasonable attorney's fee for plaintiff's attorneys in this case? Answer in dollars and cents. Answer: $28.90."

The court upon motion of appellee rendered judgment in its favor and against Clarke and appellants, as sureties on his bond, in the sum of $288.99, with interest thereon from October 12, 1933, and $28.89 as attorney's fees. From such judgment the sureties have appealed.

■ One of appellants' propositions is that the jury's answers to issues 3 and 4, being supported by evidence, were binding upon the court and that the court erred in rendering judgment contrary thereto.

With this proposition we are in accord.

It appears here that Clarke, in partnership with Cravens, had represented appellee and in connection with the agency had executed a bond to appellee; that some time thereafter the firm was dissolved; and that Clarke, individually, became the representative of appellee, under the bond here sued upon.

There being two bonds to which appellee might look for security, it became a material question as to when the first one ceased to be effective and when the second one went into effect.

As long as the firm of Clarke & Cravens acted as the representative of appellee, the first bond would be liable; but when Clarke began alone to represent them, then the liability of his sureties commenced.

The fact that Clarke agreed to assume the debts of the firm would not render his sureties liable, and they could be held only for such sums as he collected after he and Cravens ceased to act as the agents of appellee.

Clarke testified that the firm dissolved on January 9, 1931; that the firm was indebted to appellee at that time, which indebtedness he assumed; and while there is no positive testimony from him that he turned over all sums collected by him after he individually became the agent, there is testimony which tends to establish that fact.

The burden was upon appellee, in a suit against the sureties, to show that the money was received by Clarke subsequent to the dissolution of the partnership and that he failed to turn it over. The record is not at all plain on this question and for that reason

we feel that the judgment should be reversed and the cause remanded.

■ The amount of damages sought to be recovered controls where a judgment for that amount, although different from the penalty of the bond, determines the entire liability of the obligors. American Surety Co. v. Foust (Tex. Com. App.) 272 S. W. 445; 15 C. J. p. 768.

Therefore, the jurisdiction in this case would not depend upon the penalty provided in the bond as contended by appellants.

■ The record contains no plea in abatement by appellants and no other pleading by them calling the court's attention to the pendency of another suit in Andrews county. In this state of the record the court did not err in proceeding to trial, there being nothing here to show which suit was filed first.

We have concluded that the judgment should be reversed and the cause remanded in order that the evidence can be more fully developed as to when collections were made by Clarke and whether payments were made by him, and it is so ordered.