## SCRUGGS v. ROWE et al.

### No. 11079.

Court of Civil Appeals of Texas. Galveston.

Jan. 16, 1941.

Rehearing Denied Feb. 20, 1941.

Levert J. Able, of Houston, for appellant.

Cole, Patterson & Cole and Seymour Lieberman, all of Houston, for appellee Lieberman.

Sewall Myer, of Houston, for Masseys.

E. R. Campbell, of Houston, for T. C. Rowe and others.

Taliaferro & Graves, of Houston, for Carl K. Eckhardt.

GRAVES, Justice.

Gross R. Scruggs, general agent for various insurance companies, operating as Gross R. Scruggs & Company, hereinafter referred to as plaintiff, brought suit in the district court of Harris County, Texas, on an agency-bond against his sub-agent, C. R. Rowe, operating as Rowe Insurance Agency, who signed the bond as principal, and T. C. Rowe, Carl K. Eckhardt, David Robinson, and C. D. Massey, who signed it as joint and several sureties, as defendants, alleging that they jointly and severally owed him a total of $4,280.82 thereon. While such suit was pending, C. D. Massey died, and Mrs. Beatrice Massey, his administratrix, was duly substituted.

The principal on this bond, C. R. Rowe, in substance and effect did not contest the plaintiff's claims against him, but the named sureties thereon, upon various and sundry grounds, denied their liability for any of the claimed indebtedness, and, with all parties in court, the cause went to trial before a jury; at the close of the evidence for both sides, the 80th District Court of Harris County, on motion of the defendant-sureties therefor, dismissed the jury, upon its holding that there were no issues of fact to be submitted to it under the pleadings and evidence as a whole, and rendered this final judgment:

" * * * The Court being of the further opinion that the plaintiff had made its case against the defendant, C. R. Rowe, as a matter of law, and further that the plaintiff had failed, as a matter of law, to establish any cause of action against the defendant's sureties, T. C. Rowe, Carl K. Eckhardt, David Robinson and Mrs. Beatrice Massey, administratrix of the estate of C. B. Massey, and the Court having heard testimony, being of the opinion that the Master in Chancery (or Auditor) heretofore appointed in this cause is entitled to the sum of $350.00 as a reasonable cost for services rendered, and the Court, after having heard testimony, being of the opinion that the attorneys for plaintiff are entitled to recover the sum of $800.00 as a reasonable fee for services rendered.

"It is therefore Ordered, Adjudged and Decreed by the Court that the plaintiff, Gross R. Scruggs, recover of and from the defendant, C. R. Rowe, the sum of $4280.82, together with interest thereon at the rate of 6% per annum from the 3rd day of September, A. D. 1933, until paid, together with costs of this suit, for which let execution issue.

"It is further Ordered, Adjudged and Decreed by the Court that Seymour Lieberman have and recover of and from the plaintiff, Gross R. Scruggs, and New York Casualty Company, jointly and severally, $175.00 as costs and have and recover of and from the defendant, C. R. Rowe, the sum of $175.00 as costs, for all of which let execution issue.

"It is further Ordered, Adjudged and Decreed by the Court that plaintiff have and recover of and from the defendant, C. R. Rowe, the sum of $800.00 for reasonable attorneys' fees, together with interest thereon at the rate of 6% per annum from the date of this judgment until paid.

"It is further ordered, adjudged and decreed by the Court that plaintiff take nothing by his suit against the defendants, T. C. Rowe, Carl K. Eckhardt, David Robinson, and Mrs. Beatrice Massey, Administratrix of the Estate of C. B. Massey, and these defendants go hence without day and recover their costs."

On appeal, the plaintiff below has become the appellant, while the defendants, along with the auditor, constitute the appellees; the former inveighs against such judgment in toto, while the latter, joined in this court by such auditor below, Seymour Lieberman, who was made an obligee under the appeal-bond herein, affirm the correctness of the challenged decree in all respects.

The controlling question the appeal presents is as to whether or not the trial court correctly construed the legal effect of the agency-bond declared upon to be, that the sureties were not liable for the admitted sum of $3,800, which the principal thereon, appellee C. R. Rowe, owed the appellant, Gross R. Scruggs, as the balance due upon their insurance-agency relationships occurring prior to the execution and delivery of the agency-bond herein so declared upon by the appellant, which came into existence on February 8 of 1929.

This bond, so executed and delivered as an incident of C. R. Rowe's continuing or being reappointed as sub-agent for the appellant, doing business as "Rowe Insurance Agency", was a wholly gratuitous one upon the part of the appellee-sureties thereon.

The $3,800 indebtedness of appellee, C. R. Rowe, to appellant had been incurred by Rowe under his then firm name of "Rowe & Shaw", a partnership composed of himself and J. A. Shaw, prior to December of 1925; whereas, the surety-bond herein declared upon and bearing date of February 8, 1929, when it came into being and became effective, was, as indicated, executed by C. R. Rowe under his new business and firm name of "Rowe Insurance Agency", and was in material substance as follows:

"Whereas, that above bounden C. R. Rowe, has been by Gross R. Scruggs & Co., Managers, appointed agent of the said Insurance Company, to act in that capacity for the obtaining of insurance and other matters pertaining thereto for said Company, in and for Houston, Texas, and vicinity.

"The Condition of the above obligation is such that if the above bounden, C. R. Rowe, agent shall faithfully and punctually pay

over, at Dallas, Texas, to said Gross R. Scruggs & Co., as Managers, and as individuals, all sums due, or that may become due to them, or either of them, from time to time, for premiums on policies issued by such agent, whether said premiums have been collected by C. R. Rowe or not, and also all moneys whatever collected or received by said C. R. Rowe for any account whatever for said Gross R. Scruggs & Co., whether as Managers or individuals, and shall also pay over the return commission upon any and all policies of the said Company, or either of them, which for any cause may be cancelled at any time, whether such policies were actually written by C. R. Rowe, or their predecessor; and shall well and truly perform all the duties of such agent of said Company, and comply with all the instructions contained in his commission of authority, and also that may be, from time to time, communicated to said C. R. Rowe by said Gross R. Scruggs & Co., whether as Managers or as individuals, or their proper representatives, and shall at the termination of said agency, faithfully surrender and deliver to said Gross R. Scruggs & Co., or to their order, all books of record, supplies and other property, belonging to said Company or to said Gross R. Scruggs & Co., whether as Managers or as individuals, then this obligation shall be null and void, otherwise to remain in full force and effect."

██ Upon consideration of the very able briefs and arguments on both sides touching the meaning that should be given to this instrument, it seems plain to this court that the trial court was correct in the construction it gave it, and in holding that, notwithstanding its recitation binding the principal, C. R. Rowe, to pay the obligee, Gross R. Scruggs, "all sums due, or that may become due" on his account to the latter, that it was nevertheless forward-looking in legal effect, and did not retroactively obligate his sureties for any such indebtedness under pre-existing conditions that Rowe, in his capacity as former partner of the old firm of "Rowe & Shaw", may have incurred to the appellant prior to December of 1925, and which had remained unpaid up to the time of this trial. 11 C.J.S. 430, Bonds, § 55; 9 C.J. 42, § 69; White Sewing-Machine Co. v. Hines, 61 Mich. 423, 28 N.W. 157; Rockford Ins. Co. v. Rogers, 15 Colo.App. 23, 60 P. 956; Means v. Floyd West & Co., Tex.Civ.App., 74 S.W.2d 518.

Further, the bond as a whole is plain and unambiguous upon its face, hence was sub-

ject to construction from its four corners by the trial court, whose interpretation thereof, therefore, legally removed any fact issues as to its meaning from the case; 7 Tex.Jur., "Bonds", "Construction" IV, par. 22.

The record and proceedings are unduly long, but the briefs of the contending parties contain admirable summaries of their respective positions, both as to the proper construction of the quoted bond with reference to the $3,800 item, and its subsidiary implications; wherefore, for brevity's sake, in order that the material positions of both sides may be expressly disposed of, they are thus quoted:

Appellant's presentments are summarized as follows:

"(1) The evidence shows that the bond sued upon covered the sums composing the $3800 that was due on the date of its execution, as well as the $4151.62 that became due during the life of the bond making the sureties liable, because the bond is composed of at least two separate and distinct obligations, one, perspective covering the $4151.62, the other covering the sums due which included the $3800, due to the provision in the bond which read, "all sums due, or that may become due", and the surrounding circumstances with which the sureties were charged with notice on the date of the execution of the bond.

"(2) The only payments and credits that the sureties can claim, do not exceed the sum of $3124.69, which was sent in to this account and another account and $622.11, which they were entitled to before the date of termination of liability on said bond, which leaves due and unpaid of the $4151.62 that the sureties do not deny is covered by the terms of the bond, $404.82.

"(3) Due to the directions and the intentions of C. R. Rowe, debtor, which were communicated to the creditor, Gross R. Scruggs, this sum, the $3124.69 sent in to the accounts of Gross R. Scruggs and Robert B. Price of $2275.80 must be divided between this account and the account of Robert B. Price, at least on a proration basis, except as to $529.97 of the same which represented collections on the Scruggs account.

"(4) That the plaintiff, Gross R. Scruggs, creditor, in compliance with said directions, or at least not in violation of the same in so far as defendants are concerned, applied the $3124.69 to the $3800 which became due before the date of the bond, thus leaving due and unpaid the $4151.62 which became due

during the life of the bond and which the sureties do not deny they are liable for, because it was covered by the terms of the bond, except as to $529.97, which represented collections on said sum.

"(5) The trial court erroneously assessed one-half of the costs of the Auditor, that is $175.00, against the plaintiff, because the uncontradicted evidence showed that the plaintiff was entitled to recover and not the defendants, and further it showed that the defendant-sureties are liable for the same, because they should have been the losing party in the trial court and had all costs assessed against them, and because they expressly guaranteed by contract that they would be liable for all costs assessed incurred in making a collection upon their bond, the contract of C. R. Rowe with Gross R. Scruggs.".

The appellees, in turn, counter with these answers:

"(1) Under the terms of the bond, no liability attached for the old $3800.00 'Rowe & Shaw' balance;

"(2) If the court should hold that the bond of February 8, 1929, executed for the 'Rowe Insurance Agency', could be so stretched as to include the old $3800.00 'Rowe & Shaw' balance, under the undisputed evidence, such $3800.00 balance was barred by the statute of limitations;

"(3) Should the court, by some process, hold that the old $3800.00 balance is included in the 1929 bond sued on, then obviously there was no consideration for such $3800.00;

"(4) Under the authorities cited by appellant, it has been demonstrated that the whole indebtedness has been paid as far as these sureties are concerned;

"(5) That under the pleadings and evidence the appellant cannot now, after pleadings that Rowe was entitled to credits, and after proving these self-same credits, successfully contend, as he is doing in his propositions 5 to 18, inclusive, that one Robert B. Price should be credited with these payments."

After a painstaking review of this record, it is determined:

(1) That none of these quoted contentions of the appellant are sustainable, that no liability on the bond attached as against the appellee-sureties for the $3800.00 "Rowe & Shaw" balance, by the plain terms of the instrument itself;

 (2) That under the facts conclusively shown and the authorities applicable

thereto, the record is such as to have supported a finding by the court that the whole indebtedness of C. R. Rowe to appellant, for which the sureties were properly chargeable, was conclusively shown to have been paid; wherefore, such a finding will be deemed to have been made, as in support of the judgment rendered;

(3) That the one-half of the auditor's fee was properly taxed against the appellant, under the applicable statutes and authorities, R.S. Articles Nos. 2292 and 2056, San Antonio U. & G. R. Co. v. Storey, Tex. Civ.App., 172 S.W. 188, and under the court's express finding on the facts that the expenses of the auditor were incurred, both by the plaintiff Gross R. Scruggs, and by the defendant, C. R. Rowe; Article 2056, R.S. 1925; Morrow v. Terrell, 21 Tex.Civ.App. 28, 50 S.W. 734; Brown v. Humphrey, 43 Tex.Civ.App. 23, 95 S.W. 25; Beaumont Rice Mills v. Bridges, 45 Tex.Civ.App. 439, 101 S.W. 511, 514;

(4) That under the conclusive effect of the evidence as a whole, pursuant to the construction here given the surety-bond, the court below rendered the only judgment it properly could have; hence an affirmance should follow.

Affirmed.