## LONDON & L. INS. CO. v. HOLT *et al.*

A contract of suretyship entered into on behalf of a partnership continues
   no longer than the partnership itself, and sureties for a firm acting as
   such in the capacity of agents are not liable for money collected and un-
   accounted for by one of the members of the firm, after the other has re-
   tired therefrom, and ceased to participate in the business for the trans-
   action of which such agency was created.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Minnehaha county.    Hon. E. G.
SMITH, Judge.

Action upon a bond.    Plaintiff had judgment, and appeals.
Affirmed.

The facts are stated in the opinion.

*U. S. G. Cherry*, for appellant.

*A. B. Kittredge*, for respondents.

Respondents are not liable for moneys received after the date of the dissolution of the co partnership. Standard Oil Co. v. Armestad, (N. D.) 69 N. W. 197.

FULLER, J. This is an action to establish the liability of the defendants Kittredge and Edmison, as sureties on a bond given to secure the plaintiff, an insurance company, against all loss occasioned by the failure of its agents, a co-partnership engaged in the insurance business under the firm name of Holt & Place, to pay over to the company monthly, or oftener, if demanded, all moneys received on account of the business transacted by said agents. Judgment for $204.20, together with interest and costs, was demanded, and this appeal is by the plaintiff from a judgment in its favor and against the defendants Kittredge and Edmison for $83.94, and from an order overruling a motion for a new trial.

As alleged in the complaint, shown by the evidence, and found by the court before whom the case was tried without a jury the defendants Holt & Place were co-partners, jointly acting as the local agents of plaintiff and certain other companies from the 31st day of December, 1892, until the 31st day of January, 1894, when a dissolution of the co-partnership was effected by the retirement of Mr. Place, whose pecuniary interest in the insurance business at that time ceased. The defendant Holt testified in plaintiff's behalf, and in response to a question propounded by its counsel, that at the time of the dissolution of the partnership of Holt & Place the business of the firm was wound up, so far as the plaintiff insurance company was concerned; and, being called upon to explain his answer, the witness further stated: "That Mr. Place had sold his interest in the insurance companies, and that there had been a letter written to each and every company in our agency, asking them to transfer the agency to Holt, Walts & Rodgers. Mr. Place's pecuniary interest in the profits of the insurance business ceased on the 1st day of February." During the month of

January, 1894, immediately preceding the dissolution of the partnership of Holt & Place, the firm continued in the usual course of business to solicit insurance for plaintiff, deferring the payment of premiums by the insured for policies issued until some latter period; and counsel for defendants maintain that their liability under the bond extends only to money of the plaintiff received by the firm during the existence of the co-partnership relation and not for collections made thereafter by Mr. Holt, nor for loss occasioned by the adjustment of his personal indebtedness with policy holders owing premium money to plaintiff after the retirement of Mr. Place, and the organization of the firm of Holt, Walts & Rodgers, of which plaintiff had actual notice. While the bond contains provisions obligating the sureties to answer for the default of the firm of Holt & Place should plaintiff sustain damage by reason of a failure on their part to "make true records and regular reports on all business done as such agents, to keep true and correct account of all moneys and other securities received by them as such agents, * * * and to deliver all goods, chattels, papers, books, and other property of the company in their possession or under their control to said company, or its duly authorized agents, and to well and truly perform all and singular the duties of agents of said company so long as they shall continue as such," the liability arising from a failure of the firm to "pay over to the company monthly, or oftener, if demanded, all moneys and other securities received by them as such agents," is the only question involved, and before this court for determination. We think the evidence fairly sustains the court's finding that of the $298.45 in premiums resulting from the issuance by Holt & Place of the policies of plaintiff during the month of January, 1894, $98.75 was collected prior to the dissolution of the firm, and that the balance "was not collected or received by said partnership of Holt & Place, but was paid to William H. Holt, one of the defendants herein, after such dissolution of said firm, and was received by said Holt thereafter, partly in

cash and partly by swapping accounts; that Holt & Place are entitled to a credit of 15 per cent. as commission on premiums collected and received prior to the dissolution of the firm of Holt & Piace, to wit, the sum of $14.81, and that there was due. this plaintiff on said date, by reason of the premises, the sum of $83.94, no part of which has been paid though duly demanded; that the defendants Kittredge and Edmison duly tendered to plaintiff the sum of $99 and interest from the 1st day of February, 1894, and the cost of this action to date of such tender, and that the same was not accepted by the plaintiff." The recital that this obligation "shall be null and void" provided the firm of Holt & Place "well and truly perform all and singular the duties of agents of said company so long as they shall continue such," when construed with the other provisions of the bond, and read in the light of surrounding circumstances, tends forcefully to negative any conception that the sureties intended to execute, or the company to require, and obligation covering the delinquency of either member of the firm after the partnership by dissolution had ceased to be its agents. Personal knowledge of the integrity and business sagacity of Mr. Place might have been the sole inducement for the execution of a bond, the diction of which rejects a construction, by implication or otherwise, extending to the default of Mr. Holt after a dissolution of the firm of Holt & Place, for the fidelity of which alone they undertook to answer. Ruled by the wholesome doctrine that a contract of suretyship entered into on behalf of a partnership continues no longer than the partnership itself, the courts have quite uniformly held, in cases like the present, that sureties for a co-partnership acting as such in the capacity of agents are not liable for money collected and unaccounted for by one of the members of the firm after the other has retired therefrom, and ceased to participate in the business for the transaction of which such agency was created. Oil Co. v. Arnestad (N. D.) 69 N. W. 197; Birch v. De Rivera (Sup.) 6 N. Y. Supp 206; Crane Co. v. Specht, (Neb.) 57 N. W. 1015;

Barnett v. Smith, 17 Ill. 565; Penoyer v. Watson, 16 Johns. 100; Machine Co. v. Hines (Mich.) 28 N. W. 157; State v. Boon, 44 Mo. 254; Brandt, Sur. 99; 24 Am. & Eng. Enc. Law, 765. It follows that the sureties should be relieved from liability on account of unremitted collections made by Mr. Holt after the 31st day of January, 1894, and under the law and facts the court was fully justified in limiting the recovery under the obligation sued upon to funds belonging to plaintiff which were received during the existence of the partnership of Holt & Place, and while, as such, they were acting as its agents. The judgment appealed from is affirmed.