### BOLAND v. REILY, CARLTON & HENDON.

No. 13953—Opinion Filed June 23, 1925.

Rehearing Denied Dec. 1, 1925.

1. **Attorney and Client—Attorneys' Lien—Death of Plaintiff After Dismissal by Him—Reinstatement of Cause by Attorneys Without Revivor not Permitted.**

Where the original plaintiff in an action of tort dismisses her action without notice to her attorneys, and pending their motion to vacate the order of dismissal and to reinstate the cause such plaintiff dies, her cause of action abates and it is reversible error for the trial court to thereafter order the cause reinstated and to render judgment establishing and foreclosing the lien of plain-

tiff's attorneys over objection of defendant and before there has been a revivor.

## 2. Same—Independent Action as Attorneys' Remedy.

In such case, where time for reviving the action has expired, the rights of such attorneys may be adjudicated and a full and complete remedy afforded by independent action under authority of Comp. Stat. 1921, sec 4102.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Ola Patrick originally commenced this action against J. R. Boland for damages. Soon after filing her petition she filed a dismissal of the cause pro se. Reily, Carlton & Hendon were her attorneys in said action, and upon learning that she had dismissed the cause filed their motion to reinstate the same and for judgment against the original defendant, J. R. Boland, for the sum of $3,333.33 and costs, basing this motion upon Comp. Stat. 1921, sec. 4100. Upon hearing had, the court reinstated the cause and rendered judgment in favor of Reily, Carlton & Hendon upon their motion and against the original defendant, J. R. Boland, for said amount. To review this action of the trial court this proceeding in error was commenced. Reversed and remanded, with directions.

Joe M. Adams and W. L. Chapman, for plaintiff in error.

A. J. Carlton, R. R. Hendon, Jr., A. M. Baldwin, and F. H. Reily, for defendants in error.

Opinion by LOGSDON, C. Numerous errors are assigned by plaintiff in error, but in the view taken of the case here it will only be necessary to consider the fourth and fifth assignments, which allege that the judgment is contrary to the evidence and contrary to law.

It appears that the original action was commenced by Ola Patrick in the district court of Pottawatomie county, April 16, 1922. On April 25, 1922, Ola Patrick filed in the clerk's office in writing a dismissal of said cause with prejudice, without notice to her attorneys of such action on her part. On April 29, 1922, the defendants in error. who were attorneys for Ola Patrick in the original action, filed their motion in that action to set aside the order of dismissal and to reinstate the action, and their motion contained a prayer for judgment against the defendant, Boland, establishing their

lien as attorneys, and to foreclose the same for the sum of $3,333.33. Notice of this motion was served on the plaintiff in error and the hearing on said motion was set in the trial court for May 29, 1922. When the hearing opened the attorneys for plaintiff in error suggested the death of the original plaintiff, Ola Patrick, and objected to the introduction of any testimony in support of the motion to reinstate the cause and for judgment until the action should be revived. This objection was by the court overruled, and at the conclusion of the hearing an order was entered by the trial court setting aside the dismissal and reinstating the cause, and thereupon a judgment was rendered in favor of the defendants in error and against the plaintiff in error for the said sum of $3,333.33, and establishing and foreclosing their attorney's lien.

It is clear from this statement of the situation that at the date of the hearing on the motion to set aside the dismissal, to reinstate the action and for judgment for attorneys' fees the original plaintiff's cause of action had abated by her death subject to being reviewed within one year. No motion was made for and no order entered reviving the action after her death was suggested, and it is very clear that the trial court was without authority to make any order or to hear any testimony affecting the merits of that case until after the action had been revived. For this reason the order of the trial court purporting to reinstate the cause and the judgment thereupon rendered in the action were contrary to law and unauthorized.

More than 12 months have now elapsed since the death of the original plaintiff in the action, and a revivor thereof can now be had only by consent. But by the provisions of Comp. Stat. 1921, sec. 4102, the lien of the attorneys, if they are entitled to a lien, may be enforced by an independent action in a court of competent jurisdiction. Since the time for revivor of the original acton has expired and it can now be revived only by consent, this court cannot assume that such consent will be given, and without it a mere reversal of this case for a new trial would effectuate no final determination of the questions here involved. If defendants in error are entitled to recover under their claim of lien, they have a full, complete, and adequate remedy by independent action.

For the reasons herein stated, this cause should be reversed and remanded, with directions to the trial court to vacate its order reinstating the original action and to

dismiss the motion of defendants in error without prejudice to the bringing of an independent action.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 799, § 414 (1926 Anno). (2) 6 C. J. p. 799, § 414 (1926 Anno).