## DODSON v. CONTINENTAL SUPPLY CO.

No. 26219. Dec. 17, 1935.

Rehearing Denied Jan. 14, 1936.

Application for Leave to File Second Petition for Rehearing Denied Jan. 28, 1936.

A. E. Pearson, for plaintiff in error.

Keaton, Wells, Johnston & Barnes, for defendant in error.

PER CURIAM. The Continental Supply Company instituted suit on account for supplies, and on March 13, 1923, obtained a joint and several judgment against W. R. Dodson, Ray Tansel, and four others. Execution was issued and returned unsatisfied in 1925. Further executions were issued in

1928 and 1933. Thereafter, garnishments were issued against W. R. Dodson and he was brought into court on hearing in aid of execution. From the holding of the trial court that Dodson is liable to pay the balance of the judgment, he brings appeal to this court.

The first contention is to the effect that the judgment upon which the Continental Supply Company relies is dead, in that the execution issued in 1928 does not show on the office records of the sheriff to have been executed, and the return of the sheriff was not entered on the appearance docket in the cause. The execution was returned and was in the files of the cause. This contention is not well founded. Section 695, C. O. S. 1921 (sec. 442, O. S. 1931), provides when a judgment shall become dormant:

"If five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon such judgment shall become dormant. * * *"

See Saville's Estate v. Schroyer, 65 Kan. 303, 68 P. 1130; Miller v. J. I. Case Threshing Machine Co., 149 Okla. 281, 300 P. 399.

It is next contended that the Continental Supply Company made a settlement with Ray Tansel, one of the debtors, and released him from the judgment, which effected a release of the other judgment debtors. It will be noted that this was a joint and several judgment. Even were it a joint and not a several judgment, the release given would not work a release of the other judgment debtors. The release given reads:

"The Continental Supply Company, a corporation, plaintiff, hereby releases the judgment rendered March 13, 1923, in the above-entitled cause as against the defendant Ray Tansel only, and hereby expressly reserves all its rights under said judgment against the defendants W. R. Dodson, J. O. Galloway, T. F. Foster, W. H. Winn, and John Walls, the same to remain in full force and effect against all said defendants save and except the said Ray Tansel, for the same purposes and effect as. if said Ray Tansel had not been released therefrom."

This court holds in accord with the weight of authority that if a release given to one joint debtor contains a reservation of the right to proceed against the other joint debtors, the release given does not relieve all the joint debtors. Harn v. Interstate Bldg & Loan Co. 77 Okla. 265, 188 P. 343; 23 R. C. L. 404; 53 C. J. 1251.

In the body of the Harn opinion, the rule is stated:

"It is now well settled that as between joint debtors and joint tort-feasors complete and full satisfaction by one releases all; but, if the instrument claimed to be a release contains a reservation of the right to sue the other joint debtor or tort-feasor, it cannot be said to be a release at all, but is, in effect, a covenant not to sue or proceed against the person released."

Like contention is made with reference to a partial release given by the judgment creditor to relieve a certain piece of real estate from the effect of the judgment lien. This proposition does not appear to be seriously presented. It is likewise not well founded.

Mr. Dodson then asserts that if he is not fully relieved from the judgment, he surely should be held liable for no more than an undivided one-sixth portion of the judgment. He insists as well that he made an agreement with an agent of the Continental Supply Company that he, Dodson, would testify in the trial of the cause with reference to the transactions and accounts involved and that he would not be held beyond a one-sixth portion of the obligation. He testified at the trial and a joint and several judgment was thereafter entered against him and his associates. This judgment established his obligation. The now almost 13 year old judgment forecloses his questioning the amount of judgment which he should be liable to pay. Any contract that he may have attempted to make in consideration of his giving testimony as to the facts involved in the cause would be subjected to the most careful scrutiny, if, in fact, it would not be held void as against public policy. He permitted the judgment to be entered without complaint. It became final. He failed and refused to pay any portion of it, and after the passing of many years was brought into court on hearing in aid of execution that he might be required to respond to the extent of his ability and pay this predetermined obligation. He cannot now be heard to complain by reason of such contentions. The correctness of a judgment unappealed from and final for a period of more than ten years cannot be reviewed in a proceeding in aid of execution.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. L. Eagleton and Roscoe E. Harper in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and ap-

proved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Eagleton and approved by Mr. Harper, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.