FRAYER v. CRAIN.

No. 31932. Nov. 27, 1945.

*163 P. 2d 966.*

Sigler & Jackson, of Ardmore, for plaintiff in error.

Stephen A. George, of Ardmore, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Carter county. It was instituted by the State of Oklahoma ex rel. Rutherford Brett, County Attorney, et al. against Rosa Elliott Crain and Eliza Frayer to cancel a deed which had been issued by the chairman of the board of county commissioners of Carter county.

The plaintiff's petition alleged that lot 8, block 478, in the city of Ardmore, had been sold at tax resale to Carter county and in 1939 was conveyed to one Virgil Harris by deed executed by the chairman of the board

of county commissioners. That Virgil Harris had conveyed the land to Rosa Elliott Crain, one of the codefendants, and that the other codefendant, Eliza Frayer, was claiming title to said property. Plaintiffs then alleged that the conveyance to Virgil Harris was void and prayed that title in said premises be quieted in the chairman of the board of county commissioners of Carter county, and for an accounting for the rents and profits derived from the property.

During the progress of the action Andrew Riddle was made a party defendant. His answer was thereafter stricken by the court upon motion of Rosa Crain and he is not a party to this appeal.

For the purpose of clarity and to avoid confusion, we note at this time that the trial court rendered judgment against the plaintiffs, from which ruling they did not appeal, thus leaving only the rights between the codefendants Eliza Frayer, who appears herein as plaintiff in error, and Rosa Elliott Crain, who appears as defendant in error, to be determined by this appeal.

During the course of the trial the pleadings and issues between Crain and Frayer were reformed and modified, and by order of the trial court the deed held by Crain was declared to be a mortgage with the title of the property remaining in Frayer subject to the payment of the mortgage. The only remaining question then to be determined was the amount due Crain under the mortgage.

The difference between the parties then shifted to the question as to whether the principal amount of the mortgage should be $140 or $70. The court decreed tht the principal amount of the mortgage should be $140.

In order to determine how the trial court reached the decision it is necessary to review some of the essential facts in the case. It appears that Eliza Frayer inherited the property involved from her deceased sister. Frayer retained Andrew Riddle, attorney, to establish her heirship and quiet her title in and to said property, for which services she became indebted to him in the sum of $50, $5 of which was paid, leaving a balance due Riddle of $45. Riddle learned that Virgil Harris had acquired title to the property through the tax deed hereinbefore referred to. Riddle made arrangements with Harris to acquire title, such title to be surrendered to Frayer when she paid him the money due him. Harris was paid $25 by Riddle for his interest. Harris was also paid the sum of $70 by Rosa Crain for his interest in said property. Rosa Crain also paid the sum of $70 to Riddle for said property, thus making a total of $140 paid for said deed. It appears that Harris originally executed the deed in favor of Riddle, as grantee, but that the name of Riddle was erased and the name of Crain substituted therefor, thus making Crain the grantee in the deed. Upon these main facts the court found that Crain had, in good faith, paid the total sum of $140 for the deed to said property, and we find that this conclusion was not against the clear weight of the evidence.

It is pertinent to state at this time that during the early stages of the trial, and before the issues were reformed and modified, Crain claimed full and complete title to the property by reason of her deed from Harris, while Frayer was claiming that Crain purchased the title in trust for Frayer to be held as a mortgage subject to the payment of the $70 which Crain had paid Riddle.

The full judgment of the trial court was for the $140, as hereinbefore mentioned, plus interest; additional taxes paid by Crain on the premises, plus interest; and insurance, making a total amount due Crain in the sum of $324.-29. An attorney's fee in the amount of $75 was also allowed Crain and the court decreed that the aggregate amount should be impressed as a first and superior lien on the property involved, and execution was ordered.

Eliza Frayer appealed from this judgment, and, as error, presents the following assignment:

"1. The court erred in rendering two judgments in this case.

"2. The court erred in allowing the $70 which the defendant in error claims she paid to Harris.

"3. The court erred in allowing the attorney fees."

These alleged errors will be discussed in the order presented.

(1) Appellant contends an order made by the trial court on February 3, 1944, was a final judgment, and that the court was therefore without power to render the second judgment at the conclusion of the trial on February 24, 1944. An examination of the order made on the 3rd day of February discloses it was rendered to effectuate the following: (a) The answer and cross-petition of Andrew Riddle was stricken; (b) the deed from Harris to Rosa Crain was deemed and treated as a mortgage; (c) defendant Crain was given five days in which to file an amendment to her answer. It is readily apparent that this order was not a final judgment. A judgment is a final determination of the rights of the parties in an action. Fooshee and Brunson v. Smith, 34 Okla. 247, 124 P. 1070. A judgment is a judicial determination either that no cause of action existed or that no defense existed. Cressler v. Brown, 79 Okla. 170, 192 P. 417. The contention that two judgments were rendered is erroneous.

(2) Appellant desires to redeem the property but is not willing to pay the consideration which was expended in preserving her interest. She argues that appellee was Riddle's assignee, being his purchaser, and since he had only the right to collect $70, the payment of $70 to Harris would not be a charge against the property. With this we do not agree. Appellant cannot claim a mortgage relationship was created, take advantage of the benefits arising because of such relationship, then deny liability to the mortgage holder for the amount she expended in good faith in creating the relationship.

(3) The last complaint to be considered is allowance of the $75 attorney fee. Two witnesses, practicing attorneys, testified as to the value of service in a suit of this kind. One set the amount at $200 to $250; the other at $200. Under 42 O. S. 1941 § 176, in an action brought to enforce a lien the party for whom judgment is rendered shall be entitled to a reasonable attorney's fee. Federal Land Bank of Wichita, Kansas, v. Denson, 172 Okla. 225, 44 P. 2d 891. The attorney's fee is allowable even though there is no contract provision so providing. Ohio National Life Ins. Co. v. Dobbs, 140 Okla. 147, 282 P. 306. We conclude the amount allowed was reasonable and the allowance was not error.

Judgment of the trial court is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, and WELCH, JJ., concur.