COOPER v. COOPER, Adm'x, et al.

No. 32240.   June 11, 1946.

*170 P. 2d 242.*

Robert O. Swimmer and Charles D. Scales, both of Oklahoma City, for plaintiff in error.

Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendants in error.

PER CURIAM. This is an appeal by Chester C. Cooper from an order and judgment of the court of common pleas of Oklahoma county sustaining defendant's motion to quash garnishee summons and to discharge garnishees.

The record discloses that on April 27, 1945, plaintiff filed a suit against R. F. Cooper to recover the sum of $2,500. Florine Cooper, wife of defendant, and the Liberty National Bank were made garnishees in that action. Service of summons was had upon the defendant by leaving a copy thereof with Florine Cooper at his usual place of residence; defendant at that time was fatally ill, entered at a local hospital and died within two hours after service of summons. Garnishee summons was also served upon garnishees. The sheriff's return of service of garnishee summons failed to disclose that a copy of such summons was served upon the defendant.

On the 18th day of May, 1945, plaintiff filed application for revivor of ac-

tion. In his application he suggested the death of defendant, alleged that Florine Cooper had been duly appointed as administratrix of his estate and requested that the action be revived in her name. Notice of application was served upon Mrs. Cooper, administratrix, which notice fixed the date of hearing of the application on the 11th day of June, 1945. On May 26th, and before the date set for the hearing of said application, Mrs. Cooper, as administratrix of the estate of R. F. Cooper, deceased, and in such name as defendant entered her special appearance and filed a motion to quash garnishee summons and to discharge garnishees. The motion was heard by the court on the 28th day of May, 1945, and sustained. The application for revivor was heard on the 11th day of June, 1945, and an order reviving the action was entered on that date.

It is the contention of plaintiff that the court was without power to entertain or conduct any hearing or proceeding in the case until a hearing was had on his application to revive and an order of revivor made and entered in the case; that since no such order had been made or entered at the time defendant's motion was heard and acted upon, its judgment sustaining the motion and discharging garnishees is void.

It is, of course, true that upon the death of defendant or other party to an action the power of the court to further proceed therein is suspended until a revival is had as provided by statute. Such revival could be made upon consent without notice, but in the absence of such consent could only be made upon notice and hearing. 12 O.S. 1941 § 1066. Until such hearing is had and order of revivor made and entered, the court, in the absence of a waiver, is without power to entertain any further proceeding in the case. In vol. 1 C.J.S. p. 234, sec. 182, the author says:

"An action is not revived or continued until the question whether it should be is judicially determined and the revivor or continuance is allowed."

Hearing and formal order of revivor, however, may be waived. In vol. 1 C.J.S. p. 236, sec. 184, it is said:

"It has been asserted broadly that any of the statutory requirements governing the revival of an action may be waived by the opposing party; and it is true that a particular mode of revival as well as notice of process and a formal order of revival, may be waived . . ."

Hearing and formal order of revival is waived by voluntary appearance and participation in the trial or proceeding by the representative of deceased. Davie's Executor v. City of Louisville, 171 Ky. 663, 188 S.W. 911; McIlwaine Knight & Co. v. Fielder, 88 W. Va. 464, 107 S.E. 115. We have held that defects in proceeding to revive are waived by a general appearance. Willis et al. v. Aetna Life Ins. Co., 185 Okla. 647, 95 P. 2d 608. The above authorities refer, of course, to a general appearance, and while we are here concerned only with a special appearance, we think the principal announced in the above authorities can and should be applied here.

Plaintiff filed application for revival and served notice of application upon the administratrix. In response to such notice she entered her special appearance and motion to quash garnishee summons and to discharge garnishees. Under and by virtue of this appearance she was as effectively before the court as a party to the suit for the purpose of the motion then pending as she could have been if the order of revival had been then made and entered. The administratrix by such appearance made herself a party to the suit for the purpose of the motion. She thereby submitted herself to the jurisdiction of the court for such purpose and the court therefore had jurisdiction to entertain and pass upon the motion. While we do not wish to be understood as indicating that such special appearance would have operated to confer jurisdiction upon the court, in the absence of an order of revival, to enter any judgment upon the merits of the case, we do hold that such special appearance was sufficient to confer jurisdiction upon the court to pass upon the motion there

presented. The contention of the plaintiff that the judgment is void cannot be sustained.

Plaintiff on the hearing of the motion to quash presented a motion on behalf of the sheriff to amend his return of service of garnishee summons in order to show that he in fact served a copy of same upon defendant. This motion was denied and this ruling is also assigned as error. Oral evidence was taken at the hearing on the motion. It was in conflict on the question as to whether or not a copy of garnishee summons was served upon defendant. The court resolved this conflict in favor of defendant and denied the motion. We cannot say that its ruling in this respect is contrary to the weight of evidence. There was no error in denying this motion.

Plaintiff in his brief urges that a defendant in a garnishment proceeding is not a proper party to raise the question that a copy of garnishee summons was not served upon him; that the garnishee alone can raise this question. We do not agree. 12 O.S. 1941 § 1173 provides that such summons shall be served upon the defendant or his attorney. The defendant is vitally interested in such proceeding. It is sought thereby to impound funds belonging to him and he is therefore entitled to be heard in such proceeding. The statute requires that service be made upon him. He therefore is a proper party to raise the question that he has not been so served.

In vol. 38 C.J.S. p. 386, sec. 165, it is said:

"A defendant may, if objection is seasonably made, insist that the statute as to notice be complied with, and, where the notice is defective, defendant appearing specially may have the garnishee . . . discharged."

The Supreme Court of Minnesota, in the case of Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N.W. 257, held that defendant in a garnishment proceeding may by special appearance raise the question that a copy of garnishment summons has not been served upon him.

Judgment affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.