Hugh WADE, Plaintiff in Error,

v.

Nina TAPP, Defendant in Error.

No. 36503.

Supreme Court of Oklahoma.

April 12, 1955.

Rehearing Denied July 13, 1955.

J. D. Chastain, Oklahoma City, for plaintiff in error.

Charles W. Harrison, W. A. McInnes, Oklahoma City, for defendant in error.

CORN, Justice.

Plaintiff sued Nora A. Edwards and Nina Tapp seeking to recover $3,633, allegedly due and owing under oral contract. The amended petition alleged the oral agreement to have been as follows:

"That upon said 15th. day of July, 1942, said plaintiff and defendant Nora A. Edwards entered into said contract as alleged, that plaintiff by the terms of the said contract, which was verbal, plaintiff was to pay for the rent of a room in the Rooming House of the said defendants, $3.00 per week, and was to and did furnish and advance credit to defendants, by buying and delivering all the groceries for the use, benefit, and consumption of the three of them, that is all the parties hereto, and herein, and at a cost of $20.00 per week. Or for the space and time groceries so furnished, cost plaintiff $7380.00 and that plaintiff consumed and used as per agreement one-third of the said groceries, leaving a balance due plaintiff, as and for the groceries, aforesaid, and giving credit for the room rent as aforesaid, $1107.00, leaving a balance of $3633. due plaintiff upon said contract."

The petition further alleged defendants were non-residents, but owned real prop-

erty, located in Oklahoma City, possession of which was held by sheriff under writ of attachment awaiting judgment of the court. Plaintiff asked issuance of publication service, judgment for amount of his claim with interest, and that judgment be decreed to be a lien upon defendant's property and that upon sale thereof proceeds be applied in satisfaction of indebtedness. Defendant Edwards' demurrer to petition was sustained. By amendment plaintiff set up the claim and this defendant's agreement that same was correct; her oral agreement, in behalf of both defendants, to pay such claim; that thereafter she refused to pay, despite plaintiff's repeated oral demands.

Defendant Tapp filed special appearance attacking the validity of the purported attachment and service by publication, and alleging she owned no property within the state. Her motion was overruled and she then answered denying any ownership in the property, or that the trial court had jurisdiction.

Defendant Edwards answered by general denial, plead the three year statute of limitation, 12 O.S.1951 § 95, and that the alleged promise to pay the debt of another was without consideration and void, not having been made in writing signed by defendant. By amended answer defendant alleged plaintiff had recovered judgment in a prior suit based upon the same cause of action, which judgment defendant had paid and satisfied so that plaintiff's present suit was res judicata. Defendant asked for dismissal of plaintiff's action.

Plaintiff filed reply out of time without leave and defendants moved to strike same. Plaintiff defaulted and judgment was entered in defendant Edwards' favor, the trial court finding that the satisfaction of the judgment in the former action operated as a bar and release of the claim sued upon herein. Upon plaintiff's motion the default judgment was vacated and his reply reinstated, and the matter set down for hearing upon the questions of res judicata and the release of the judgment. Prior to trial defendant Tapp filed affidavit setting forth lack of ownership or interest in the property held under writ of attachment.

The case was tried to the court and by stipulation the petition, answer, reply and judgment of the court in the former action were introduced in evidence. This evidence disclosed that in 1952 plaintiff sued Nora Edwards upon an alleged oral agreement, under the terms of which these parties engaged in acquisition, reconditioning and resale of certain properties for profit, legal title to such properties being taken and held in defendant's name. Profits were realized from such venture but defendant failed to comply with the agreement and account to plaintiff for his share. He eventually sued defendant, a non-resident, to establish the contractual relationship, for an accounting, and for his share of profit from the joint venture. Judgment was rendered for plaintiff and, after an accounting, his recovery was fixed at $2500., interest and costs, all of which was decreed to be a lien upon real property, which was the same property subjected to attachment in the present action. Thereafter plaintiff executed release and satisfaction of this judgment, acknowledging receipt of $2,500. The same day (Sept. 11, 1952) plaintiff executed a general release in defendant's favor, for an expressed consideration of $1, which release provided, in part, as follows:

"* * * release, and forever discharge the said Nora A. Edwards, her heirs, executors, and administrators, of and from all, and all manner of action and actions, cause and causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, executions, claims and demands whatsoever in law or in equity which against her the said Nora A. Edwards, I ever had, now have, or may have by reason of our past personal and business relationships; beginning in the year 1942 to the date hereof.

"This release is a partial consideration in the settlement of a judgment entered in cause No. 122,414 in the District Court of Oklahoma County, and is intended to fully and forever release the said Nora A. Edwards of any claim of any character whatsoever against her by the said Hugh Wade."

At the conclusion of the evidence the trial court found the original judgment had become final and had been satisfied, so that plaintiff was estopped by such judgment as respected the present action; the general release executed by plaintiff was complete and valid, constituting a bar and estoppel to plaintiff's suit; the petition stated no cause of action against defendant Tapp. The court entered judgment releasing the real property from the writ of attachment, decreed plaintiff's action to be barred by reason of estoppel by judgment, and also by reason of the release, and dismissed the action as to both defendants. The court found specifically that the petition stated no cause of action againt this defendant.

When the motion for new trial was overruled plaintiff gave notice of appeal and the court fixed time within which to file supersedeas bond. No bond was filed and, upon presentation of defendant's motion to dismiss the appeal filed in this court, plaintiff announced abandonment of the attachment proceedings, and that he was appealing only from the trial court's judgment holding the petition stated no cause of action.

As nearly as can be ascertained, the plaintiff contends that, since the petition charged the alleged oral agreement was for benefit of both defendants, they were jointly and severally obligated to pay by reason of the provisions of 15 O.S.1951 § 75, which provides:

> "Acceptance of benefit includes obligations.—A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting. R.L.1910, § 920."

Plaintiff argues, under the statute, defendant could not have enjoyed the benefits of the oral agreement for so many years without knowing the facts, and in this manner showed a voluntary acceptance. Upon this basis plaintiff concludes defendant became bound for the debt so created, and that the trial court's judgment necessarily must be reversed.

██ We are unable to accept this specious reasoning as persuasive. An apparent and substantial reason supporting the correctness of the judgment is the trial court's finding that the satisfaction of the original judgment, and plaintiff's execution of the general release (Quoted above) provided a complete bar to the present action. The general rule is that release and satisfaction of one joint debtor releases all, in the absence of an express reservation of a right to proceed against others. 45 Am. Jur., Release, Sec. 33 et seq.; Bland v. Lawyer-Cuff Co., 72 Okl. 128, 178 P. 885; Dodson v. Continental Supply Co., 175 Okl. 587, 53 P.2d 582.

██ Plaintiff based his claim upon an alleged oral agreement between himself and defendant Edwards, and sought to hold this defendant upon the theory she voluntarily accepted the benefits therefrom. The existence of the alleged agreement was denied under oath, and defendant further plead plaintiff's execution of the general release of any and all claims which might have arisen from the past personal and business relationships. The trial court found that such release constituted a complete bar and estoppel to plaintiff's action. This was, in effect, a finding that there was not, and could not have been, a contract arising out of any oral agreement, since plaintiff had released and renounced any and all claims against defendant Edwards. Thus, having released any claim against her, based upon the alleged contractual agreement and without reservation of any further right of action, it necessarily follows that no cause of action existed against a party alleged to be a joint debtor under the contract sought to be relied upon, and the trial court was correct in so finding.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.