Allie Minnie HAMBRIGHT, Executrix of the Estate of Vandean Hambright, Plaintiff-in-error,

v.

CITY OF CLEVELAND, Oklahoma, a municipal corporation, and Guy T. Beale, Defendants-in-error.

No. 38482.

Supreme Court of Oklahoma.

Aug. 2, 1960.

Rehearing Denied Jan. 10, 1961.

Application for Leave to File Second Petition for Rehearing Denied March 28, 1961.

Jack B. Sellers, Drumright, Collins & Moore, by Everett S. Collins, Sapulpa, for plaintiff in error.

Thurman S. Hurst, Robert J. Scott, Pawnee, for defendants in error.

WILLIAMS, Vice Chief Justice.

The parties are referred to as they appeared in the trial court.

Plaintiff recovered a judgment against defendant Guy T. Beale, and his employer, The City of Cleveland, for personal injuries resulting from an automobile accident, on October 23, 1956. On October 25, 1956, plaintiff agreed to release defendant Beale and his insurance company upon payment of the amount of the insurance policy. On December 15, 1956, plaintiff executed a partial release of this judgment as to defendant Beale, and a release of all claims as to defendant Beale and his insurance company. Defendant, City of Cleveland, filed a motion to adjudge said city released and exonerated from all liability under such judgment. On June 24, 1958, the trial court sustained this motion. Plaintiff died on July 27, 1958. At the request of the court reporter, an order extending time in which to make and serve case made was entered on August 19, 1958. On September 18, 1958, again at the request of the court reporter, an order was entered granting additional time within which to make and serve case made and an additional time of 3 months to file the appeal. On September 25, 1958, an order was entered reviving the cause in the name of Allie Minnie Hambright, Executrix of the Estate of Vandean Hambright, deceased.

Defendant filed a motion to dismiss this appeal which was denied without prejudice to reconsideration in the brief on the merits. This motion to dismiss was on the ground that the appeal was not filed in time to give this court jurisdiction of the appeal.

As shown above, the order of revivor of this action was made after the expiration of the statutory period of 3 months in which to perfect this appeal. The petition in error was filed October 31, 1958. If the order extending the time in which to perfect this appeal is void as contended by defendant, this court lacks jurisdiction.

Defendant's contention is stated as: "Upon the death of a judgment creditor the power of the court to proceed further is suspended until the judgment is revived as provided by statute."

In support of this statement, defendant cites Drew v. Thurlwell, 173 Okl. 405, 48

P.2d 1066, 1070, 100 A.L.R. 806, in which we quoted a Kansas case (State ex rel. Henry v. McArthur, 5 Kan. 280, 283) as follows:

"All proceedings upon a judgment, while dormant are void, and will be set aside. If the judgment was dormant, no execution could issue thereon, and no proceedings could be had in relation thereto, except such as authorized for revivor"

and Cooper v. Cooper, 197 Okl. 232, 170 P.2d 242, 243, wherein we said:

" * * * Until such hearing is had and order of revivor made and entered, the court, in absence of a waiver, is without power to entertain any further proceeding in the case * * *".

Plaintiff argues that an action does not abate ipso facto by the death of a party; that there must be a suggestion of such death to the court to effect an abatement, citing 1 C.J.S. Abatement and Revival §§ 129, 177; Phillips Petroleum Co. v. Davis, 194 Okl. 84, 147 P.2d 135; and that since a suggestion of the death of a party may be made by either party, or by the personal representative of the deceased, 1 C.J.S. Abatement and Revival § 126 at page 173, defendant, by failing to object or move for abatement prior to the order of revival, waived such objection.

In discussing this question it is well to point out that the term "abatement" is not to be confused with its meaning as used in questions of abatement and survival of actions upon the death of parties. The present question is whether, upon the death of a party to an action, the power or authority (jurisdiction) of the court over the proceedings is suspended or abated until such action is revived by the deceased's personal representative or heirs.

Two principal reasons have been advanced for such abatement. Upon the death of a party, the authority of the deceased's attorney ceases—the attorney cannot represent a dead person; and, upon such death, the real party in interest is the personal representative or heirs. Kilgore v. Yarnell, 24 Okl. 525, 103 P. 698.

In Cooper v. Cooper, supra, we said:

"It is of course true that upon the death of defendant or other party to an action the power of the court to further proceed therein is suspended until a revival is had as provided by statute. Such revival could be made upon consent without notice, but in the absence of such consent could only be made upon notice and hearing. 12 O.S.1941, § 1066. Until such hearing is had and order of revivor made and entered, the court, in the absence of a waiver, is without power to entertain any further proceeding in the case. In Vol. 1 C.J.S., Abatement and Revival, § 182, p. 234, the author says:

" 'An action is not revived or continued until the question whether it should be is judicially determined and the revivor or continuance is allowed.' "

Plaintiff cites Phillips Petroleum Co. v. Davis, supra, to reach a contrary conclusion. In that case the attorneys for the deceased party had filed a motion previous to the client's death. Subsequent to the party's death the court made a ruling on the motion. Upon proper motion, the trial court vacated its former order or ruling; stating that it did not think that the court had jurisdiction to rule on the motion after the death of a party before revival. No appeal was taken from the order of vacation. We held that such order of vacation had become final.

■ Nor do we believe that plaintiff's argument is decisive. The abatement or suspension of the trial court's jurisdiction (authority) to proceed further is caused by the death of a party to the action, not by the suggestion of such death to the court. This authority or jurisdiction suspends, or abates, ipso facto by the death of a party. The confusion arises in applying the rule, hence the statements to the effect that such suspension or abatement is not ipso facto

upon the death, but there must be a suggestion of such death to the court to effect an abatement. We believe that this situation is analogous to an affirmative defense such as the statute of limitations—it must be pleaded and brought to the attention of the court, such death not ordinarily being a matter of record in the case.

Plaintiff further argues that defendant could have made the suggestion of death to the court on its own motion. Such would be placing this burden on the defendant to diligently protect the rights of the plaintiff. We do not see how defendant can be held to have waived the failure to revive the action. The order complained of, the order extending time to perfect this appeal, was made without notice to defendant. The order of revivor was made after the statutory period for filing this appeal had expired.

The order objected to by defendant is the order extending the time in which to file this appeal in this court.

We believe that the trial court had inherent power to issue, on its own motion, the order extending the time in which to file this appeal. Courts are created for the purpose of administering justice under the law. In order to accomplish that purpose, a court must, through necessity, have the power to facilitate and expedite causes before it so long as the reasonable exercise of these inherent powers does not prejudice the rights of parties involved. The order involved herein did not affect the rights of the parties nor determine any merits of the controversy.

We deem the following statement of the Supreme Court of Montana in State ex rel. Kennedy v. District Court, 121 Mont. 320, 194 P.2d 256, 264, 2 A.L.R.2d 1050, to be apropos:

"As Justice Cardozo held in Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153, the power is inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, and again in American Life Ins. Co. v. Stewart, 300 U.S. 203, 215, 57 S.Ct. 377, 380, 81 L.Ed. 605, 111 A.L.R. 1268, 'A court has control over its own docket.' This does not mean an arbitrary control. The control must be in the exercise of a sound discretion."

and as re-stated in 14 Am.Jur., Courts § 171,

"Every court has inherent power, exercisable in its sound discretion, consistent within the Constitution and statutes, to control disposition of causes on its docket with economy of time and effort."

However, we must emphasize the fact that the practice or custom of trial courts in issuing such extensions of time as a matter of course on its own motion, no matter how well established, cannot relieve the attorney of his responsibility for diligently perfecting his appeal.

Defendant contends that its liability is based upon the doctrine of respondeat superior, and that release of the judgment as to the servant exonerates the master; that this court should look behind the judgment and apply the same rule that would have been applied if the release had been given before judgment.

We have already considered the effect of releasing a judgment as to one judgment debtor while reserving the right to enforce such judgment against a co-judgment debtor. In Dodson v. Continental Supply Co., 175 Okl. 587, 53 P.2d 582, at page 583, we said:

"It is next contended that the Continental Supply Company made a settlement with Ray Tansel, one of the debtors, and released him from the judgment, which effected a release of the other judgment debtors. It will be noted that this was a joint and several judgment. Even were it a joint, and not a several, judgment, the release given would not work a release of the other judgment debtors. The release

given reads: 'The Continental Supply Company, a corporation, plaintiff, hereby releases the judgment rendered March 13, 1923, in the above entitled cause as against the defendant, Ray Tansel only, and hereby expressly reserves all its rights under said judgment against the defendants, W. R. Dodson, J. O. Galloway, T. F. Foster, W. H. Winn, and John Walls, the same to remain in full force and effect against all said defendants save and except the said Ray Tansel, for the same purposes and effect as if said Ray Tansel had not been released therefrom.'

"This court holds in accord with the weight of authority that if a release given to one joint debtor contains a reservation of the right to proceed against the other joint debtors, the release given does not relieve all the joint debtors. Harn v. Interstate Bldg. & Loan Co., 77 Okl. 265, 188 P. 343; 23 R.C.L. 404, 53 C.J. 1251." See also 76 C.J.S. Release § 49.

and in the second paragraph of the syllabus of that case we held:

"A settlement made with one of several joint judgment debtors does not effect a release of the other judgment debtors, where a specific provision in the release given reserves to the judgment creditor the right to proceed against the remaining judgment debtors."

Defendant argues that this court should look behind the judgment and apply the same rule that would have been applied had the release been given prior to judgment. In support of such argument, defendant cites cases involving judgments against a defendant and his surety. We do not believe that the same principle applies to the present case. In such cases involving sureties, the liability of the surety is contractual and may be limited by the terms of the surety contract. See Shuttee v. Coalgate Grain Co., 70 Okl. 6, 172 P. 780.

Defendant cites McLaughlin v. Siegel, 166 Va. 374, 185 S.E. 873, as authority for this contention that the court will look behind the judgment and will apply the same rule as to release after judgment that would have been applied if the release were given prior to judgment. Some of the reasoning in that case indicates that the Supreme Court of Virginia might be disposed to adopt such rule. However, we do not believe that such is the better rule.

In Frayer v. Crain, 196 Okl. 172, 163 P. 2d 966, we defined "judgment" as:

"A 'judgment' is a final determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to the court in an action or proceedings."

The judgment of the trial court determined that defendant and Beale were jointly and severally liable to the plaintiff. This judgment is a joint and several debt of the two defendants owing to plaintiff. It is a final determination, ending the action, holding that plaintiff is entitled to recover such amount from either one or both of the defendants. The liability of each defendant has been determined and decreed by a final judgment. Plaintiff may proceed to enforce such judgment against property of either one of defendants, without relinquishing his right to collect any unpaid balance remaining from the co-defendant.

Defendant contends also that the release given to its co-defendant Beale will deprive it of the right of reimbursement from Beale. We do not agree. If the defendant's rights against Beale, upon payment of this judgment, were limited to subrogation to plaintiff's rights, defendant's argument might be valid. However, in addition to subrogation, defendant has the right to compel contribution under 12 O.S.1951, § 831, and an action on an implied contract of indemnity. See 42 C.J.S. Indemnity § 21.

In view of the foregoing, we believe the trial court erred in exonerating and releasing defendant from the judgment.

Reversed.

DAVISON, C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

HALLEY and BERRY, JJ., dissent.

On Motion for Rehearing.

Rehearing denied.

HALLEY, Justice (dissenting).

It seems to me the majority opinion misses the point on the first question raised by the defendant and that was that the trial court was without jurisdiction to grant an extension of time to prepare and serve case made and file appeal in the Supreme Court when the plaintiff was dead.

The plaintiff had released the defendant's servant, its chief of police, for a monetary consideration which was paid. The defendant, Beale, and his insurance company were relieved on December 15, 1956, of all liability under the judgment taken against him and the City of Cleveland on October 23, 1956. On the motion of the City of Cleveland to be released and exonerated from all liability under the judgment entered October 23, 1956, the trial court sustained the defendant City's motion on the ground that the release of the servant, released the master. This was done June 24, 1958. The plaintiff died on July 27, 1958. It was not until September 25, 1958, that an order was entered reviving the case in the name of Allie Minnie Hambright, Executrix of the Estate of Vandean Hambright, deceased. During this period, from the date of plaintiff's death until the case was revived, the judgment was dormant and suspended. Any action taken in regard to getting additional time in which to make and serve case made and to file appeal in this Court would be a nullity until the case was properly revived.

On June 24, 1958, the day that defendant City's motion for release from the judgment of October 23, 1956 was granted and the plaintiff was given sixty days on the same date in which to make and serve case made, ten days were granted to suggest amendments and five days notice to be given by either party for settlement thereof. On August 19, 1958, the trial court again granted 30–10–5 to make, serve and settle case made and thirty days beyond the first three months for filing appeal was granted. On September 18, 1958, another extension of 30–10–5 was granted for preparing, serving and settling the case made was taken and also the time for filing the appeal was extended for an additional three months to the original three months fixed by law. It is clear that the time for filing this appeal expired on September 24, 1958, unless a valid order extending the time for filing the appeal was granted. This was not done. It is the defendant City's contention and with it I agree, that as long as the case remained unrevived no order could be entered in the case that would bind the defendant City. We think the authorities cited by the defendant City show clearly what this Court's position has been on this question through the years. In Boland v. Reily et al., 115 Okl. 107, 241 P. 742, 743, we held that an order reinstating a cause was void when the plaintiff had dismissed an action and then died since the original case had not been revived. In that case we said:

"* * * No motion was made for, and no order entered, reviving the action after her death was suggested, and it is very clear that the trial court was without authority to make any order or to hear any testimony affecting the merits of that case until after the action had been revived. * * *"

Also in Cooper v. Cooper et al., 197 Okl. 232, 170 P.2d 242, 243, we said:

"It is of course true that upon the death of defendant or other party to an action the power of the court to further proceed therein is suspended until a revival is had as provided by statute. Such revival could be made upon consent without notice, but in

the absence of such consent could only be made upon notice and hearing. 12 O.S.1941 § 1066. Until such hearing is had and order of revivor made and entered, the court, in the absence of a waiver, is without power to entertain any further proceeding in the case. * * *"

We also call attention to 1 Am.Jur., Abatement and Revival, § 159, p. 105, which is:

"The statement often appearing in law actions where the common-law rule of abatement is changed, and in equity actions, that the action does not abate by death, which at common law would cause it to abate, must not be taken to mean that upon such event the action proceeds without any change. Upon the death of a party or the happening of any other event which would cause it to abate at common law, the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. In other words, the cause cannot proceed until someone is substituted for the decedent or other party. * * *"

I am unable to see the pertinency of the Montana case relied upon in the majority opinion. State ex rel. Kennedy v. District Court, 121 Mont. 320, 194 P.2d 256, 2 A.L.R. 2d 1050. Neither in my opinion is Phillips Petroleum Co. v. Davis, 194 Okl. 84, 147 P.2d 135, in point because of the fact differences.

The right of the trial judge to control his docket does not give him the right to revive a case on his own motion. Neither is it revived by him making orders in a case when it is dormant and suspended. Such orders made in this case are a nullity. Certainly the revivor sections of our statutes make no such provision. Sections 1063 and 1064, 12 O.S.1951, are controlling here. They are as follows:

"1063. Revivor, when.—When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survive in favor of or against his representatives or successors, the action may be revived and proceed in their names."

"1064. Proceedings for revivor.— The revivor shall be by an order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them."

Our revivor statutes have been strictly construed. See Jones v. Nye, 56 Okl. 578, 156 P. 332, L.R.A.1916E, 735 and Drew v. Thurlwell, 173 Okl. 405, 48 P.2d 1066, 100 A.L.R. 806. We held in Youts v. Tri-State Supply Co., 202 Okl. 240, 211 P.2d 1017, that a District Court is without jurisdiction to revive a cause after the expiration of one year from dormancy, even though the proceedings to revive had been commenced before the expiration of the one year, unless the failure of the court to act within the one year was due to the fault of the court.

In Halsey v. Van Vliet, 7 Kan. 474, it was held that an execution issued after the death of the defendant but before revivor was absolutely void.

So I say here that simply put there can be no appeal of a case where the plaintiff has died after judgment was taken and the case was not revived until after three months has elapsed from the date of the judgment sought to be appealed from. I dissent.

I am authorized to state that WELCH, J., concurs in the views herein expressed.