MARTIN, APPELLANT, *v.* DE LOGE, RESPONDENT.

[Submitted February 14, 1895.—Decided February 18, 1895.]

PRACTICE—*Observance of rules and regulations in respect to.*—When the power of the court to make reasonable rules and regulations for governing and facilitating practice and procedure, in reference to all matters not provided for by law, has been exercised, and a rule adopted, courts, as well as members of the bar, should respect the same, and regulate their conduct in conformity therewith.

SAME—*Opening default—Disregarding rule of court.*—It is an abuse of discretion for the court to grant a motion to open a default, without any reason therefor except a conflict of statement between the respective attorneys for the parties as to whether there was or was not any verbal stipulation out of court, for extra time to answer, thus disregarding a rule of court requiring stipulations not entered into in open court to be in writing.

*Appeal from Third Judicial District, Deer Lodge County.*

ACTION for money loaned and goods sold and delivered. Plaintiff had judgment below on default. Defendant's motion to open default was granted by DURFEE, J. Reversed.

Statement of the case by the justice delivering the opinion.

Action for money loaned and goods sold and delivered. Default judgment entered against defendant. Defendant moved to set aside the default on the ground of excusable neglect. To support his motion he filed an affidavit substantially to the effect that he had placed his defense, which was meritorious, in his attorney's hands, and relied upon him.

J. R. Boarman, Esq., defendant's counsel, also filed his affidavit, to the effect that he had had a verbal stipulation with Theo. Brantley, Esq., plaintiff's counsel, wherein it was agreed that defendant need not hurry about filing his answer, and that he, Mr. Brantley, would wait for a week or so, and would do nothing until he saw Mr. Boarman again.

Mr. Brantley filed a counter-affidavit, in which he denied any such understanding or agreement, and saying that he called Mr. Boarman's attention to his failure to bring the case to issue, and told him he would have to take a default against him unless he filed an answer, and that Mr. Boarman, although he promised to answer two days thereafter, had not done so up to the next week after the one during which the answer was promised.

The following rule of the district court appears in the bill of exceptions:

"Rule 15. No agreement between the parties or their attorneys relating to any cause will be regarded by the court, unless the same shall have been made in open court and entered in the minutes thereof, or of the judge, or the evidence thereof shall be in writing and signed by the parties thereto."

The court granted the defendant's motion to set aside the default. Plaintiff appeals.

*Brazelton & Scharnikow*, for Appellant.

*J. R. Boarman*, for Respondent.

HUNT, J.—The power of the district courts to make reasonable rules and regulations for governing and facilitating their practice and procedure in reference to all matters not provided for by law is expressly conferred by section 523 of the Code of Civil Procedure.

But, when the power has been exercised and a rule adopted, courts, as well as the members of the bar, should respect the same, and regulate their conduct in conformity therewith. (*Coyote etc. Co.* v. *Ruble*, 9 Or. 121; *Hawley* v. *Bank*, 20 Nev. 410; *Malony* v. *Hunt*, 29 Mo. App. 379; *Lancaster* v. *Waukegan etc. Ry.*, 24 N. E. Rep. 629; *Treishel* v. *McGill*, 28 Ill. App. 68; *Thompson* v. *Hatch*, 3 Pick. 512.)

This case at bar presents a total disregard of the rule quoted above, without any reason therefor except a conflict of statement between the respective attorneys for the parties as to whether there was or was not any verbal stipulation out of court for extra time to answer. We think that to affirm the decision of the court would be to hold that an established rule of procedure may be arbitrarily applied or abrogated without regard to the use of sound judicial discretion.

Doubtless, rules of court may be rescinded or modified at the just convenience of the court which makes them, but there should be some better reason for wholly ignoring them than the respondent relies upon in this case.

The order setting aside the default is reversed.

*Reversed.*

PEMBERTON, C. J. and DE WITT, J. concur.