STATE ex rel. KENNEDY, Relator, v. DISTRICT COURT of FIFTH JUDICIAL DISTRICT in and for BEAVERHEAD COUNTY et al., Respondents.

No. 8818.

Submitted April 6, 1948. Decided April 16, 1948.

194 Pac. (2d) 256.

Mr. John F. Emigh and Mr. Hugh D. Carmichael, both of Butte, for plaintiff. Mr. Emigh argued the cause orally.

Mr. Lyman H. Bennett, Jr., of Virginia City, for respondents. Mr. Bennett argued the cause orally.

Mr. William Meyer, of Butte, Mr. T. F. McFadden, Mr. John Collins, and Mr. Leonard A. Schulz, all of Dillon, Mr. George F. Higgins, and Mr. Dalton T. Pierson, both of Missoula, Mr. Kenneth R. L. Simmons and Mr. Edwin C. Davis, both of Billings, Mr. Sherman W. Smith, of Helena, Mr. H. L. Maury, Mr. J. J. McCaffery, Sr., Mr. J. J. McCaffery, Jr., Mr. Harlow Pease, Mr. Emmett C. Angland, Mr. John K. Claxton, Mr. John B. McClernan and Mr. A. G. Shone, all of Butte, amici curiae on petition for rehearing only.

MR. JUSTICE GIBSON delivered the opinion of the court.

The application before the court is for a writ of mandate to compel the respondent district court to draw and require the attendance of a trial jury and to set for trial a certain action pending in said court wherein the relatrix is the plaintiff and Intermountain Transportation Company, a Montana corporation, is the defendant.

The action is for damages for injuries to and death of plaintiff's testate, Chester A. Kennedy, caused by the alleged wrongful act or neglect of defendant. It was commenced November 21, 1945, in the district court of the second judicial district in and for Silver Bow county, but transferred, pursuant to motion for change of venue, to the respondent district court, where it has been at issue since August 19, 1946. The respondent district judge was disqualified in the cause

by the filing of an affidavit by plaintiff pursuant to subdivision 4, section 8868, Revised Codes of Montana, 1935, and Hon. Jeremiah J. Lynch, a judge of the second judicial district, was called in to sit and act in the cause and assumed jurisdiction thereof. This disqualification of a judge does "not apply to the arrangement of the calendar, the regulation of the order of business, * * * nor to the power of calling in another district judge to sit and act in such action." Subdiv. 4, sec. 8868, supra. The judge disqualified still has the right to arrange the calendar and set the cases for trial. If otherwise this application for mandate should have been brought against Judge Lynch.

In August 1947 plaintiff's counsel, by letter to the respondent judge, Hon. Lyman H. Bennett, asked him to call a trial jury and set the action for trial. Accompanying this letter was a formal petition and request to the court to call a trial jury and set the cause, then at issue, for trial.

A jury was not called, and the action was not set for trial; and on March 18th this proceeding was instituted to compel action. An alternative writ was issued, and the respondent court and judge by return thereto averred that the reason a jury had not been called and the cause set for trial was because of the failure of either of the parties to the action to comply with or observe Rule XXX of that court, which provides that no jury case shall be set for trial until after a pretrial conference thereon has been had.

This court does not judicially know the rules of the district courts. Pincus v. Davis, 95 Mont. 375, 26 Pac. (2d) 986. But it is shown, by return of respondent, that at all the times material here there was in effect such Rule XXX of the court. The rule is made a part of the return and is as follows:

"From and after the date upon which this rule shall become effective, no civil action within which any party thereto shall be otherwise entitled to demand a trial upon any issue of fact before or by a jury shall be set for trial before or by a jury until a conference is had pursuant to the provisions of Section

9327 of the Revised Codes of Montana, 1935, as amended by Chapter 61 of the Session Laws of the Twenty-sixth Legislative Assembly of the State of Montana (1939), and to the end that all such actions may be expeditiously disposed of, it is provided that whenever after issues are joined therein any party to any action falling within the purview of this rule shall desire a disposition of such action, he may file with the Clerk of the Court wherein such action may be pending a notice setting forth the title and number of the action with a request that said cause be set down for pre-trial conference upon all phases of said action which can be considered pursuant to the pre-trial Practice Act Amendment hereinbefore referred to. At the next session of the Court after the filing of such request, the Clerk of the Court wherein the request is filed shall present the same to the Court and the case shall be immediately set for such pre-trial conference at a date which, in the absence of agreement between the parties with the consent of the Court for an earlier date, shall not be less than two weeks from the date upon which the setting shall be made.''

This rule is made pursuant to the authority of section 9327, Revised Codes of Montana, 1935, as amended by Chapter 61, Laws of 1939. The relatrix asserts the rule is not in conformity with the statute permitting its adoption. That portion of the statute pertinent to the issue reads:

''In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

'' (1) The simplification of the issues;

'' (2) The necessity or desirability of amendments to the pleadings;

'' (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

'' (4) The limitation of the number of expert witnesses;

'' (5) The advisability of a preliminary reference of issues .

to a referee for findings to be used as evidence when the trial is to be by jury;

"(6) Such other matters as may aid in the disposition of the action.

"The court may make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions."

The quoted portion of the statute was enacted as an amendment to the section of the Code of which it is a part, in 1939. It is a copy of Rule 16 of the Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c, which became effective September 16, 1938.

A perusal of the statute discloses that whether a pre-trial conference shall be held in any case is determined by the trial court. This discretion may be exercised either by directing the parties in the particular case to appear before the court for such a conference, or by the adoption of a rule of court establishing a pre-trial calendar "on which actions may be placed for consideration," and the actions so placed thereon may be confined to jury actions or to non-jury actions or the rule may provide that all actions shall be placed on such calendar. The rule here involved confines the cases to all civil actions in which any party thereto shall be "entitled to demand a trial upon any issue of fact before or by a jury." The rule specifically provides that no such action "shall be set for trial before or by a jury until a conference is had pursuant to

the provisions of section 9327, Revised Codes of Montana, 1935, as amended by Chapter 61, Session Laws of 1939."

The rule places the burden upon the party to any action within its purview who desires a "disposition" thereof to file with the clerk of the court a request that the action be set down for pre-trial conference upon all phases of the cause that may be considered under the 1939 amendment to Code section 9327.

If this rule of the respondent court is within the specific authority with which the court is vested by the amendment, or if within its power and authority to make rules as set forth in section 8845, Revised Codes 1935, the instant application for writ of mandate must be denied. This, because the relatrix has not availed herself of the right to take the step which the rule requires as a precedent to the right to require the case to be set down for trial by jury:

It was argued at bar that the rule does not establish a pre-■ trial calendar, and for that reason there is no requirement for a pre-trial conference before the case be set down for trial before a jury. True, the rule does not in express words make declaration that all jury cases shall be placed upon a pre-trial calendar, but such is clearly the purpose and effect of the rule. The use of the word "calendar" is not necessary. All cases, jury and non-jury, are on the "calendar" of the court. As used in referring to a court calendar, the quoted word denotes merely a list of cases to be tried.

The designation of all jury cases as those to be considered at a pre-trial conference before setting same for trial seems sufficient to establish such calendar pursuant to the statute.

Counsel for relatrix also aver that she, as plaintiff in the ■ action, in response to a demand and motion therefor, furnished defendant in the action with a bill of particulars of certain matters alleged in her complaint so far as the information was available to her, and that therefore no reason exists for a pre-trial conference. But the pre-trial conference is not especially for the purpose of disclosure or discovery.

There is nothing in the statute providing that either party to an action may be required to make any disclosure at such a conference. In fact, even in the matters to be considered by such conference, the results sought, to simplify the issues, and to shorten and expedite the trial, are to be obtained through ''admissions or agreement of counsel.'' The use of the conference under the federal rules of civil procedure, may be more effective for the purposes sought, because there are in the federal rules provisions for disclosure and discovery by method of interrogatories, and requests for admission of the genuineness of documents and the like.

It would appear that the rules providing means for discovery and to obtain disclosure, might be used in the federal courts in connection with pre-trial conference, in such manner as to make the pre-trial conference more effective than it compulsorily may be in the state courts.

Counsel for relatrix also suggest that the permission, granted to the court by the statute, to require a pre-trial conference, and the establishment of the rule in question pursuant thereto, violate the Constitution. No provision of state or federal Constitution is cited to support such thought, however. While the Constitution guarantees a jury trial in the cases to which it refers in the guaranty, the right is the right as it existed at the time of the adoption of the Constitution (Chessman v. Hale, 31 Mont. 577, 79 Pac. 254, 68 L. R. A. 410, 3 Ann. Cas. 1038) and is, of course, to be secured upon compliance with laws, reasonably calculated to enforce the guaranty in accordance with recognized principles of jurisprudence.

The district court has the power to establish by rule a pre-trial calendar. And it has the power to confine such calendar ''to jury actions or to non-jury actions or extend it to all actions.'' The rule of respondent court confines such calendar to jury actions. To make the rule effective it is within the power of the court, of necessity implied from the power expressly granted, to provide that no jury case shall be set for

trial until pre-trial conference thereon is had. The rule of the district court, being within power, requires any party to an action wherein a jury trial may be demanded as of right, to file the notice and request for pre-trial conference, and the holding of such conference as a condition precedent to the right to have his cause set for trial. It is true that such conference may be of no avail. Neither party may desire such conference. They may not agree upon any of the matters which the statute sets forth as subjects upon which to confer and concerning which there may be in the language of the Act the "possibility" of obtaining admissions or agreements of counsel. But, at least, the opportunity is given by such a meeting of counsel for agreement upon some of the matters outlined in the statute, with resultant narrowing and simplification of issues, and more speedy determination of controversies, at less expense to the litigants and the public.

In the case of State ex rel. Carlin v. District Court, Mont., 164 Pac. (2d) 155, 157, the relator asked for writ of mandate against the same court to compel the calling of a jury and setting for trial an action pending before the court in Jefferson county. The same rule of court here involved was given some consideration in that case, although the rule had not been adopted when relator made demand that a jury be called and the case pending be set for trial. The rule was adopted after the application for mandate was made and alternative writ issued, and on the day of the adoption of the rule, September 19, 1945, a pre-trial conference was begun but continued to a later date and, apparently fruitless, was not completed. The court in the Carlin case said that the respondent judge "deems that in the exercise of a sound discretion he may, when desirable, dispose of issues of fact in civil actions by referring controverted issues of fact in the absence of agreement for trial by the court without a jury."

That contention was hinted at by counsel for respondent in oral argument here, but not definitely advanced. We see nothing in the statute, or rule of court, that would permit, in

cases where trial by jury may be demanded as of right, controverted questions of fact to be determined by the court, or other tribunal than the jury.

The conception of the pre-trial conference is comparatively new in our jurisprudence. The idea is old, however. In Matthew, 25th verse, Chapter 5, it is said: "Agree with thine adversary quickly, whilst thou art in the way with him; lest at any time the adversary deliver thee to the judge, and the judge deliver thee to the officer."

The conference puts one "in the way" with his adversary, and gives opportunity for agreement. The procedure has good potentialities, as is said by a writer in 25 Virginia Law Review 261, "if properly used by able and fearless judges dealing with fair-minded lawyers."

The writ sought goes only when the person seeking it is entitled to have the defendant perform a clear legal duty, and then only when there is no speedy or adequate remedy in the ordinary course of law. Raleigh v. First Judicial District Ct., 24 Mont. 306, 61 Pac. 991, 81 Am. St. Rep. 431; State ex rel. Peel v. District Ct., 59 Mont. 505, 197 Pac. 741. This clear legal duty is not shown here.

Here, the rule of court is within the power of the court to establish, and its requirements are not unreasonable. A compliance therewith is preliminary to any compulsion upon the court to call the jury and set the case involved for trial.

Therefore the alternative writ herein is set aside and held for naught, and the peremptory writ sought is denied.

Mr. Chief Justice Adair and Associate Justices Choate and Metcalf concur.

MR. JUSTICE ANGSTMAN (dissenting).

In the development of pre-trial procedure some jurisdictions have embraced the plan with such enthusiasm as to make it compulsory in all cases. See Michigan Law Review (1937), Vol. 36, page 215, on "The theory and practice of Pre-trial procedure" by Edson R. Sunderland. But in Montana it is not compulsory but rests in the discretion of the trial court. I

think it was the legislative intent that such discretion should be exercised in each case separately.

I reach this conclusion because of Chapter 61, Laws of 1939, which in part provides: "In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider: (1) The Simplification of the issues * * *." I think in view of the statute each case must be judged on its own peculiar facts as disclosed by the pleadings as to whether a pre-trial conference should be had.

In some cases the court can determine from a reading of the pleadings that a conference would be of no avail; that it would be a waste of time of the court and counsel for the parties.

The Wayne County Court, Detroit, Michigan, was a pioneer in this country in providing for pre-trial procedure. It adopted the plan in 1929 when its docket was 45 months in arrears in order to speed up the work of the court.

The Judicial Council of Michigan in its Sixth Annual Report (1936) explains the general nature of the pre-trial hearing by saying:

"The pre-trial hearing is an informal conference between the judge and counsel. In many cases, the opposing attorneys have not met each other until the moment when the case is called and they step up before the court. The judge asks them what the case is about, whether they are satisfied with the pleadings, how many of the material facts of the case can be agreed on, and whether either of them thinks there may be an opportunity to settle the case.

"No stenographic record is taken. The attorneys and court soon learn just how the case stands, and the pre-trial hearing usually lasts less than ten minutes. At the end of that time, the court has usually succeeded in determining exactly what matters are really in dispute."

As to personal injury cases the report continues: "In personal injury cases involving automobile accidents, such factors as ownership of the automobile, identity of the driver, width

of street, and distances between certain points, are frequently agreed on by counsel, obviating the need of proof when the case comes on for trial. In all personal injury cases, it is decided at the pre-trial stage whether a physical examination of plaintiff is to be made by doctors representing the defendant and who the doctors shall be.''

Here the pleadings already admit that defendant is the owner and operator of the bus involved in the collision; that it was driven by C. R. Burns, an employee of defendant acting within the scope of his employment. Both of the occupants of the other car in which Chester A. Kennedy was riding were killed. Plaintiff does not know and has no means of knowing whether Kennedy or the other occupant was the driver of the car. Plaintiff alleges that the width of the highway at the point of the collision was 17 feet. This was denied by defendant. But that question is not of vital importance. Plaintiff alleges that defendant through its driver was negligent in several alleged particulars. This was denied by defendant and it alleged that the driver of the car in which plaintiff was riding was negligent in several particulars. This was denied in the reply. It does not seem likely that either party will recede from its position on a pre-trial conference. Neither it is likely that defendant will admit the amount of damages which plaintiff seeks and alleges to be the sum of $65,689.00.

At any rate, the matter of ordering a pre-trial conference rests in the discretion of the court and that discretion in my opinion cannot be exercised in a case by a judge who has been disqualified. It must be exercised in each case by the judge who has jurisdiction of the particular case. Nor do I find anything in the rule-making power of the court that militates against this view. The statute says: ''The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions.'' That simply means that the court may adopt a rule providing for a pre-trial cal-

endar of cases which it, in its discretion, has determined shall run the gauntlet of a preliminary conference. As used in that statute the word "calendar" means a "list or enumeration of causes" arranged for conference. Titley v. Kaehler, 9 Ill. App. 537.

The rule may embrace only jury cases or non-jury cases or may embrace all actions. But that means only all those of either type which the court in its discretion has determined should have a pre-trial conference. That determination, I think, must be made by the judge who has assumed jurisdiction of the case, and that determination must be made before the case can be placed on the pre-trial calendar. The rule in question here does not establish a pre-trial calendar of cases but merely arranges for the setting of each case separately upon request of counsel for either side who indicates a desire for disposition of the action. The main purpose of the rule is to make pre-trial conference compulsory in each case by denying trial by jury until such conference is had. I do not agree that the court may make a rule making the pre-trial conference a compulsory proposition and applicable to all cases automatically, in the face of the statute which says that in any action the court may in its discretion order a pre-trial conference.

In this case if a pre-trial conference is desired it must be upon order of the Hon. Jeremiah J. Lynch before whom the case is pending. I am not to be understood as taking issue with the gospel according to Matthew but the verse quoted in the majority opinion by its own terms has to do with a controversy before it gets into court. Here the parties have already been delivered "to the judge," and the question before us is, to which judge was the delivery made.

I think the writ applied for should issue but that it should be so framed in its terms that the jury may be called at such reasonable time in the future as to allow other cases to be tried with the same jury panel, if there are any other cases that may be ready for trial in the reasonably near future.

On Motion for Rehearing

MR. JUSTICE GIBSON delivered the opinion of the court.

On motion for rehearing relator asserts that the district court may not make the rule that all jury actions shall be placed for consideration upon a pre-trial calendar and thus "exercise in advance the discretion granted to him under the provisions of section 9327, Revised Codes of Montana 1935, as amended by Chapter 61 of the Laws of 1939, in relation to the necessity and/or propriety of requiring a pre-trial conference, in any event, and particularly by such a rule exercise in advance the discretion vested in Judge Lynch, the presiding judge called in and who had assumed jurisdiction before issue joined."

The language of the statute which we have quoted is a negative answer to this contention. "The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions." Such is the court's power and authority by the statute expressly declared. If the court has the power to establish by rule a pre-trial calendar, as the statute plainly reads, the rule so established becomes a rule of the court. It is not a rule of the judge. Many years ago this court said, "* * * when the power [to make a rule] has been exercised, and a rule adopted, courts, as well as members of the bar, should respect the same, and regulate their conduct in conformity therewith." Martin v. De Loge, 15 Mont. 343, 39 Pac. 312.

The rule is not in conflict with section 8868, Revised Codes of 1935, which leaves to the judge of the court, after his disqualification, the power of arrangement of the calendar and regulation of the order of business. The later statute, section 9327, Revised Codes of 1935, as amended by Chapter 61, Laws of 1939, expressly gives the court authority to establish by rule of the court a pre-trial calendar and to extend it to all actions or confine it, as does the rule here, to jury actions.

As to these matters the provisions of the two statutes are in pari materia and both stand. If there be conflict, which seems not the case, the later expression of the law-makers prevails as law.

If the rule is one within the power of the court to establish, ▇ as the statute provides, it, of course, is not revoked when in a particular case the judge of the court is disqualified to act in such case. The rule still stands.

By permission of the court a number of leading members of the bar of this court filed a brief as amici curiae in behalf of relator's petition for rehearing. They state that "the glaring °omission from the rule of the court is that there is no provision in the rule that within any definite time after the pre-trial conference, a jury will be called to try cases." Severe strictures, approaching philippic form, upon the conduct of the respondent judge in other cases and upon his attitude generally in allegedly delaying the setting for trial of jury cases are contained in their brief. These matters are not before us. The only questions for our decision are, whether the statute gives the court power to make a rule establishing a pre-trial calendar upon which all jury cases shall be placed, and if the statute does so provide, is the rule in fair compliance with the provision of the statute. This assumes that the statute is constitutional, and the assumption is correct. There is no contention that it violates any provision of either the state or federal organic law. As stated, the amendment of 1939, Chapter 61, is merely the enactment by the legislature as a statute, of Rule 16 of the Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c, promulgated by the Supreme Court of the United States for uniform regulation of the practice and procedure in the United States courts.

Amici curiae say that "The fair truth about pre-trial conferences is that a busy-body committee of the Bar, to exhibit their empty learning, got the legislature to import this exotic plant from another soil, and it cannot grow in Montana." As to the paternity of the statute we know not. Amici

curiae attribute fatherhood to the bar. As to its adaptability to our soil, the soil in Montana is varied; the plant might flourish in one district and wither in another. We find it to be the law. With its wisdom, or lack thereof, the court has naught to say. So many times we have repeated, ''With the wisdom of statutes we have no concern; such is for the law-makers,'' that to reiterate seems hardly necessary, and to cite the cases merely supererogatory.

In view of the low opinion which amici curiae express as to the wisdom of the law, however, it seems fair to quote from the comment as to the working of the rule as used in federal courts, found in Volume 3, page 695 of Federal Rules Service, in which is cited the federal case of Boysell Co. v. Colonial Coverlet Co., D. C., 29 F. Supp. 122. There it is said: ''Experience has shown that, while pre-trial procedure generally proves popular with attorneys after they have once become familiar with it, it needs a strong push from the judge to get over the initial bump caused by our acquired habits of thinking of the law as a sort of game in which each party holds his cards under the table.''

It appears that in the respondent district court the pre-trial procedure is receiving from the judge the ''strong push'' that the commentator says it needs ''to get over the initial bump.'' In view of the strenuous resistance to this ''push'' by some of the bar of respondent court, as evidenced by the statements in brief of relator and amici curiae, the case of the alleged statute of Arizona, quoted in the brief of amici curiae, but not cited, that ''When two trains come to an intersection of railways, both shall stop, and neither shall cross until after the other one has passed the intersection,'' may be more applicable to the effort to ''get over the initial bump'' than to the point to which it was applied in the brief.

The objection of amici curiae that the rule of respondent ▉ court does not specifically fix a time within which a case shall be set for trial after the pre-trial conference therein required is not valid. Its infirmity is obvious.

As Justice Cardozo held in Landis v. North American Co., 299 U. S. 248, 57 S. Ct. 163, 81 L. Ed. 153, the power is inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, and again in American Life Ins. Co. v. Stewart, 300 U. S. 203, 215, 57 S. Ct. 377, 380, 81 L. Ed. 605, 111 A. L. R. 1268, ''A court has control over its own docket.'' This does not mean an arbitrary control. The control must be in the exercise of a sound discretion. In Montana it shall not be violative of the Constitution, Art. III, sec. 6, nor of statutes such as section 8902, Revised Codes of 1935; or Chapter 277, Laws of 1947.

Many courts have a rule to the effect that a party litigant desiring to have his case set for trial must file a note of issue, or it will not be set at the call of the calendar. Where such rule is established, like the rule requiring a pre-trial conference, it is a prerequisite to the setting of the case for trial, but the control of the calendar is still, of necessity, in the judge of the court, to be exercised in his sound discretion, an abuse of which is subject to correction by appropriate process and procedure. The failure of relator to comply with the rule of the court, so far as here shown, appears to be the reason the case has not been set for trial. It is not essential to the validity of the rule that a definite time after pre-trial conference be stated therein for setting a case for trial. In fact such rigid time designation would appear to be as much out of place in the rule under consideration, as it clearly would be as a part of the rule requiring the filing of a note of issue as a prerequisite to setting a case for trial.

The petition for rehearing is denied.

Mr. Chief Justice Adair and Associate Justices Choate and Metcalf concur.

MR. JUSTICE ANGSTMAN:

I dissent, and adhere to the views stated in my dissent to the main opinion.

Rehearing denied June 11, 1948.