No. 10399. KATHRYN BAIRD SULLIVAN, Administratrix of the ESTATE of MARGARET M. SULLIVAN, deceased, MARGARET KATHRYN SULLIVAN and MAE JEAN SULLIVAN, APPLICANTS AND PETITIONERS, v. TREASURER OF SILVER BOW COUNTY, and Silver Bow County, Montana, RESPONDENTS.

Submitted January 9, 1962. Decided January 23, 1962.

Certiorari denied United States Supreme Court, June 25, 1962.

370 P.2d 762.

PER CURIAM.

Original Proceeding. Petition for Writ of Mandamus filed herein by Kathryn Baird Sullivan, Mae Jean Sullivan and Margaret Kathryn Sullivan, appearing pro se.

Petitioners request such writ be directed to the Treasurer of Silver Bow County, Montana, requiring him to cancel tax deeds taken by Silver Bow County, Montana, upon certain real property to which petitioners assert ownership. It is apparent from the petition that taxes upon the various tracts described have been allowed to become delinquent and while petitioners contend that no proper notice was given in certain of the tax deed proceedings they also refer to actions still pending in the district court involving the titles to such properties.

An examination of the files in the office of the Clerk of the District Court of Silver Bow County discloses a quiet title action, upon certain of the described real estate was commenced on August 27, 1951, by two of the petitioners as plaintiffs, naming Silver Bow County and others as defendants. The county and one other of the defendants have appeared in such action but said action has not been prosecuted and the last paper filed therein was on September 17, 1951.

Another quiet title action was filed on May 3, 1961, by Anne Marie Fouts as plaintiff which covers a parcel of the real estate described in the petition and all petitioners have appeared in such action by answer filed November 7, 1961. Plaintiff Fouts filed a motion to strike portions of such answer and noticed the same for hearing on February 9, 1962, and the notice has been served on petitioners' counsel and copies mailed to each of petitioners.

 The writ of mandamus is issued where there is not a plain, speedy and adequate remedy in the ordinary course of law. See section 93-9103, R.C.M.1947.

[2] It is further a requirement that the person seeking the writ is entitled to have the defendant perform a clear

legal duty. State ex rel. Kennedy v. District Court, 121 Mont. 320, 194 P.2d 256, 2 A.L.R.2d 1050.

 It is apparent this clear legal duty is not shown here when the petitioners are involved in litigation in the district court touching the gist of their petition here. Likewise such litigation discloses there is an adequate remedy in the ordinary course of law.

The writ is denied and the proceeding is dismissed.