STATE OF MONTANA, ex rel., ROBERT P. RYAN and BEN E. BERG, JR., for Themselves and as the Committee on Unlawful Practice of Law of the Montana Bar Association, and as Representatives of a Class With Like Interests, Relators, *v.* DISTRICT COURT of the THIRTEENTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Yellowstone, and the HONORABLE GUY C. DERRY, District Judge, Respondents.

No. 10390.

Submitted January 15, 1962. Decided February 13, 1962.

368 P.2d 802.

Robert P. Ryan, Deer Lodge, Ben E. Berg, Bozeman, appeared and argued orally for relators.

Judge Guy C. Derry, argued orally, Billings, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding on an application for a writ of supervisory control or other appropriate writ directed to

an order of the district court of the thirteenth judicial district, which denied the application of the relators for sixty days in addition to the time allowed by law to prepare, serve, and file a bill of exceptions.

We granted an order to show cause with a return date. A return was filed and the district judge appeared pro se.

The situation giving rise to this proceeding is as follows: On December 15, 1961, the district court made and entered findings of fact and conclusions of law in Civil Cause No. 32966 of Yellowstone County, entitled Ryan, et al., v. Brotherhood of Railroad Trainmen, et al. Relators herein, plaintiffs below, duly and timely filed exceptions and thereafter, and within fifteen days following receipt of notice of the ruling applied for sixty days in addition to the time allowed by law within which to prepare, serve and file a bill of exceptions. On December 28, 1961, the district court denied the application for sixty days stating as its reason that plaintiff must comply with Rule of Court No. 42 of the Thirteenth Judicial District.

Rule 42, reads as follows:

"Extension of Time—No extension of time will be granted in any case in addition to the time allowed by statute in which to prepare bill of exceptions, unless the party desiring such extension shall first make a request from the Court Reporter for a transcript of his notes of the testimony, and at the same time deposit with him a sufficient amount to cover his estimated fees therefor  *  *  *."

The ground for the application for extension of time was that more than fifteen days were necessary to perfect an appeal. The showing of the applicants was that they, plaintiffs, were a committee of the Montana Bar Association, prosecuting the action for and on behalf of the Association; that one of the relators was in the process of moving his office from Deer Lodge to Billings and was thus unable, because of press of business, to confer or adequately consider the questions on appeal or the contents of the bill of exceptions; that the execu-

tive committee of the Montana Bar Association is composed of a number of persons living in different parts of the state, and that a meeting of the Committee was necessary to consider both the desirability of an appeal and the cost of same; that the meeting could not be had until mid January; that as a physical fact a complete bill of exceptions sufficient to comply with this court's rules could not be prepared within fifteen days.

The showing further represented that the court reporter made an estimate of the cost of a bill of exceptions in the amount of $2,500, and that the relators did not have authority to bind the Association to such an amount; that to comply with Rule 42 would have necessitated posting $2,500 with the court reporter.

It was further shown that a single copy of a partial record of the testimony was in being, and that it would be possible to prepare a bill of exceptions by a person other than the court reporter or that a ''bystanders'' or ''narrative'' bill might be used. These matters were made to appear before the district court. Nonetheless Rule 42 was applied, and the application for time denied.

The return and answer of the district court substantially admits all of the above, except that it denies that at the time of the application additional time was required to prepare and file a bill of exceptions. In that connection the district court asserted that there was available a copy of a complete transcript of all the testimony and exhibits necessary to prepare a bill of exceptions and that the reporter had offered to make it available free of charge to the relators.

However, the district court then asserted that its Rule 42 having been adopted, was binding on the court and has the force of a statute; that the clear intention of said rule is to prevent delay in bringing actions to a hearing by requiring diligence in application for extension of time ''and *authorizing*

*such extension only when reasonable grounds are shown therefor."*

The above question is from the district court's return, but in the very next paragraph the assertion is made that the court cannot make any exceptions to its Rule 42; that is, *that the transcript must be ordered from the court reporter and the court reporter paid his estimated fee* regardless of any other ground for the application, whether reasonable or not.

The issue here then is whether a district court may condition the extension of time authorized by R.C.M.1947, § 93-5505, in the manner, provided by Rule 42 of the Rules of Practice of the District Court of the Thirteenth Judicial District.

It will be seen from the previous *underlined* portions of the district court's return that the positions are inconsistent with each other. To say on the one hand that a *reasonable ground* is required for an extension of time, but on the other hand *no ground* will be considered except the ordering of a transcript from the court reporter and payment of his estimate, is so inconsistent as to suggest that one or the other must give way.

Upon oral argument, members of this court sought by questions from the bench to determine whether the questioned Rule 42 was applied irrespective of the grounds stated in the application, as asserted in the return. Much to our surprise, we were informed by the respondent judge that it was. In other words, that no ground, no excuse, apparently not even illness or death of counsel, would justify an extension of time unless and until the court reporter received his order and payment of his estimate made.

R.C.M.1947, § 93-5505, provides in part:

"\* \* \* the party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must, within fifteen days after the entry of judgment if the action was tried with a jury, or after receiving notice of the entry of judgment if the action was tried without a jury, or within such further time as the court or judge thereof·may

allow, not to exceed sixty days, except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies, in which bill the evidence shall, unless otherwise prescribed by a rule of the supreme court, be stated in narrative form, except that the particular portion of the record showing objections to the admission or rejection of testimony upon which the party preparing the bill expects to rely, shall be set out verbatim.''

R.C.M.1947, § 93-502, provides for rule-making power in part in this language:

''Every court of record may make rules, not inconsistent with the laws of this state * * * but such rules must not impose any tax or charge upon any legal proceedings, or give any allowance to any officers for service. * * *''

The provision ''not inconsistent with the laws of this state'' has been interpreted to include the thought, ''The control [rule] must be in the exercise of a sound discretion.'' (State ex rel. Kennedy v. District Court, 121 Mont. 320, 336, 194 P.2d 256, 264, 2 A.L.R.2d 1050); or, that the rule must be reasonable or reasonably applied. This thought has been applied in the statement, ''Reasonable rules of court are by law permitted * * *.'' (State ex rel. King v. District Court, 25 Mont. 202, 210, 64 P. 352, 355); or that ''Rules * * * should be enforced, except when the court, for good cause shown, in a particular case, may relax them in order that justice may be done.'' (State ex rel. Nissler v. Donlan, 32 Mont. 256, 262, 80 P. 244, 245). See also 14 Am.Jur., Courts, § 152, p. 357; Anno. 110 A.L.R. 22; 4A C.J.S. Appeal and Error, § 859, p. 785.

In discussing section 93-5505, this court in Vicain v. City of Missoula, 107 Mont. 105, 107, 81 P.2d 350, 352, said:

''The provisions of the statute are clear and specific, and mandatory in form. When one desires time for filing the bill

140

of exceptions in addition to the fifteen days allowed in all cases *and the sixty days allowed for the asking,* he must present his request supported by affidavit before the discretion of the court may be invoked. If the request be not made, the trial court loses jurisdiction." Emphasis supplied.

Note that this court referred to the sixty days in addition to the time by law as "allowed for the asking."

Thus our question is as to the reasonableness of Rule 42, considering the representation made by the respondent that there are no exceptions made upon any grounds. That a condition precedent to an application for time is (1) an order for a transcript from the court reporter, and (2) a deposit of his estimated cost.

We have held that extensions are authorized because of: press of business of an attorney or his illness, Costello v. Shields, 99 Mont. 335, 352, 43 P.2d 879; appellant's temporary lack of necessary funds to pay for the bill of exceptions, Dubie v. Batani, 97 Mont. 468, 476, 37 P.2d 662; and the press of business of the court reporter, Jensen v. Cloud, 107 Mont. 593, 595, 88 P.2d 36. We have uniformly held that section 93-5505 be interpreted, upon timely application, in such a manner as to allow a determination of appeals on their merits.

The showing here is upon previously held reasonable reasons such as the press of business of one of the relators, the fact that authority of the executive committee was required and could not reasonably be sought or obtained until a meeting was called; and that in relators' opinion, which seemed reasonable (although denied by the respondent court), that the physical fact of preparation of the bill of exceptions could not be accomplished in the time allowed by law.

Note too that section 93-5505 provides for a narrative bill of exceptions, referred to as a "bystanders bill" oftentimes, unless by our rule another form is provided. We do have Rule VIII of our rules which requires that the "testimony shall be shown in question and answer form"; yet this court

has on several occasions referred to and allowed common-law bills of exceptions when the interests of justice so required. (See State v. Hogan, 100 Mont. 434, 49 P.2d 446; Refer v. Refer, 102 Mont. 121, 129, 56 P.2d 750; York v. Steward, 30 Mont. 367, 368, 76 P.756.)

As we have heretofore pointed out, Rule 42 is not only unreasonable but does away with consideration of any bill of exceptions other than one prepared by a court reporter, and it is therefore inconsistent with the laws of this state and in violation of section 93-502.

We are not concerned with the reasonableness of the reporter's estimate of the cost here, but it seems apparent that in some situations that factor would also militate against the blind imposition of Rule 42. Its effect would be to transfer the discretion lodged in the district judge to the court reporter.

For the foregoing reasons, let the writ issue forthwith directing the respondent district court to make and enter an order granting sixty days additional time from and after the fifteenth day of February, 1962, for the purpose of preparing, serving and filing a bill of exceptions.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.

MR. JUSTICE DOYLE did not participate.