THE STATE OF MONTANA, ex rel. CHARLES RIDGWAY, DORIS RIDGWAY and MRS. TAMER C. RIDGWAY, Relators, *v.* THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Park, and the Honorable Victor H. Fall, District Judge presiding, Respondents.

No. 10725.

Submitted December 20, 1963. Decided January 14, 1964.

388 P.2d 269.

Thomas N. Kelley, Billings (argued) for relators.

K. M. Bridenstine, Helena (argued) for respondents.

PER CURIAM.

Relators on December 20, 1963, filed an application for an appropriate writ to be directed to the respondent district court. Upon an ex parte hearing this court directed the issuance of an alternative writ returnable on January 13, 1964.

It appears that the relators were defendants in an action in the district court and following return of the jury verdict and again after the entry of judgment sought addi-

tional time from the district court for the purpose of preparation of a bill of exceptions, both of which applications were denied. The matters raised in the application and the return thereto filed by the respondent have been before this court on several previous occasions and we see no reason to go into detail thereon since in our opinion no new issue appears here. These prior cases are decisive here, and particularly our discussion in State ex rel. Ryan v. District Court, 140 Mont. 135, 368 P.2d 802, wherein we stated:

"In discussing section 93-5505, this court in Vicain v. City of Missoula, 107 Mont. 105, 107, 81 P.2d 350, 352, said:

" 'The provisions of the statute are clear and specific, and mandatory in form. When one desires time for filing the bill of exceptions in addition to the fifteen days allowed in all cases *and the sixty days allowed for the asking,* he must present his request supported by affidavit before the discretion of the court may be invoked. If the request be not made, within the time provided by statute, the trial court loses jurisdiction.' Emphasis supplied.

"Note that this court referred to the sixty days in addition to the time by law as 'allowed for the asking.' "

The district court was in error in denying the application. Let a peremptory writ issue as prayed for by the relators.

It is so ordered.