No. 12355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA, ex rel BURKHARTS-
MEYER BROTHERS, et al.,

                    Relator and Respondent,

-vs-

ELIZABETH McCORMICK, TREASURER OF
HILL COUNTY, MONTANA,

                    Respondent and Appellant,

---

NORA C. NELSON,

                    Intervenor.

---

Appeal from:  District Court of the Twelfth Judicial District,
                Honorable Bernard W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Ronald W. Smith argued, County Attorney, Havre, Montana.

    For Respondent:

        Weber, Bosch, Kuhr, Dugdale and Warner, Havre, Montana.
        John Warner argued, Havre, Montana.
        Hauge, Hauge, Ober, Spangelo and Thompson, Havre, Montana.
        Theodore K. Thompson argued, Havre, Montana.

---

                        Submitted: April 24, 1973

                        Decided: MAY 1 8 1973

Filed: MAY 1 8 1973

_Thomas J. Kearney_
                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In the district court of Hill County, Hon. Bernard W. Thomas, district judge, sitting without a jury, relator was granted a writ of mandate compelling the county treasurer to accept its attempted redemption of delinquent tax sale certificates. The county treasurer appeals from that judgment.

Relator is Burkhartsmeyer Brothers, a ranching copartnership which has occupied the land in question for purposes of grazing cattle since 1952. Appellant is Elizabeth McCormick, county treasurer of Hill County, Montana, who is sued in her official capacity only. Intervenor is Nora C. Nelson, an assignee of delinquent sale certificates on the subject land, who also happens to be Hill County auditor.

The subject of the delinquent tax sale certificates involves a quarter section of land in Hill County. The owner of the property is Ruth Hubbard. Relator owns the land surrounding the property in dispute.

On October 15, 1958, George H. Campbell purchased from the treasurer of Hill County an assignment of tax sale certificates covering taxes for the years 1954, 1956, 1957 and 1958. On March 20, 1963, the same George H. Campbell purchased from the Hill County treasurer an assignment of tax sale certificates covering taxes for the year 1959 and part of 1961. Again, on July 6, 1967, he purchased from the Hill County treasurer an assignment of tax sale certificates covering taxes for the years 1963, 1964, 1965 and 1966. Subsequently, on March 24, 1972, the aforementioned certificates were purchased from Campbell by relator for $1,000.

On November 30, 1971, intervenor purchased tax sale certificates covering delinquent taxes for the years 1967, 1968, 1969 and 1970. Also, on the same day, intervenor paid 1971 taxes on the land. On January 27, 1972, intervenor gave notice to the required parties that she had made such purchases and paid such taxes pursuant to section 84-4151, R.C.M. 1947. Notice was also given that unless redemption was made prior to March 29, 1972, intervenor would apply for a tax deed covering the property. A copy of said notice was

- 2 -

received by relator.

The district court found that on March 27, 1972 relator tendered to the county treasurer a sum of money sufficient to redeem the taxes represented by the assignment of tax sale certificates held by intervenor, together with all subsequent taxes, interest, penalties and fees required by law. The county treasurer refused to accept such tender. Later this same day, relator applied to the district court for an alternative writ of mandate. The writ was granted and served upon the county treasurer on the same day, compelling her to take all steps necessary to effectuate relator's attempted redemption or alternatively to show cause why she had not done so.

On the following day intervenor tendered her personal check to the county treasurer to effect a redemption of relator's tax sale certificates. The check was accepted by the county treasurer. Later the same day the show cause hearing was held.

On May 31, 1972, the district court entered findings of fact, conclusions of law and judgment ordering that a peremptory writ of mandate be issued compelling relator's attempted redemption and further ordered that the county treasurer pay relator the sum of $250 for its attorney's fee. The county treasurer appeals from this judgment.

Two issues are presented upon this appeal: (1) Whether relator's demand for a writ of mandate must fail because it has a plain, adequate and speedy remedy at law, and (2) whether relator, as the holder of prior tax sale certificates has the right to redeem subsequent tax sale certificates held by intervenor.

As a general rule, a writ of mandate is to be issued only when there is no plain, speedy and adequate remedy in the ordinary course of law. Section 93-9103, R.C.M. 1947; Sullivan v. Treasurer of Silver Bow County, 140 Mont. 609, 370 P.2d 762.

Appellant and intervenor contend that if relator had acted immediately after it received notice of intervenor's application for tax deed the following alternative remedies were available: (1) a quiet title

- 3 -

action, (2) declaratory judgment, or (3) an injunction pursuant to sections 93-4201 and 93-4202(3), R.C.M. 1947.

Although appellant has listed several alternative remedies it must be noted that the mere existence of another remedy will not bar the issuance of a writ of mandate; the alternative remedy must be one that itself enforces the performance of the particular duty and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance. State v. McCracken, 91 Mont. 157, 6 P.2d 869.

In light of the facts in this case only a writ of mandate can give complete relief. It was essential that relator be granted immediate relief which would compel the appellant-treasurer to accept its money to redeem intervenor's tax certificates. If this was not done immediately intervenor could turn the tables on relator by redemption of relator's tax sale certificates, which in fact was done the very next day; or if the delay was extended for two days intervenor would apply for a tax deed cutting off relator's right of redemption.

Any remedy other than by writ of mandate would be uncertain, and neither plain, adequate or speedy. Mandamus is a proper remedy here to compel the appellant, Hill County treasurer, to compute the tax owed and accept relator's tender of money to redeem tax sale certificates owned by intervenor. State ex rel. Federal Land Bk. v. Hays, 86 Mont. 58, 282 P. 32.

Appellant also raises the issue of laches. Relator's delay of 58 days after receipt of notice, although two days before the statutory period would have expired (section 84-4151, R.C.M. 1947), was not unreasonably long. Furthermore, the delay caused no detriment to the opposing parties.

Directing our attention to the second issue for review we note that as the holder of a tax sale certificate, relator claims a lien under section 84-4130, R.C.M. 1947; and as a lienholder it claims the right to redeem under section 84-4132, R.C.M. 1947.

Section 84-4132, R.C.M. 1947, states:

- 4 -

"A redemption of the property sold may be made by the owner, or <u>any party having any interest in or lien upon such property</u>, within thirty-six (36) months from the date of purchase, or at any time prior to the giving of the notice and the application for a deed as provided in this act." (Emphasis supplied.)

Appellant and intervenor, on the other hand, claim that relator is not entitled to redeem. They contend that section 84-4151, R.C.M. 1947, only permits the "<u>owner of the property, or the mortgagee, or the assignee of said mortgagee</u> * * * the right of redemption indefinitely until such notice has been given and the deed applied for * * *." (Emphasis supplied.)

In determining who has the right of redemption it is not necessary to look to section 84-4151, R.C.M. 1947. That section of the Code is primarily a "notice" statute relating to procedural requirements requisite to obtaining a tax deed. Relator's right to redemption flows from the fact that it is the occupier of the land/ and the assignee of a tax sale certificate. As the holder of such certificate it has a lien in accord with section 84-4130, R.C.M. 1947, and as a party having a lien upon such property it can redeem a subsequent tax sale/ certificate at any time before application is made for the tax deed. Section 84-4132, R.C.M. 1947.

For these reasons the judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices

- 5 -